City of St. Louis, Appellant, *v.* August Spiegel, Respondent.

### March 23, 1880.

1. The St. Louis City Charter of 1876 gives the power to license and tax meat-shops, and a license thereunder need not be uniform throughout the city.

2. The imposition of a license-tax of different amounts in different parts of the city does not violate any provision of the Constitution, and is not such an abuse of the discretion vested in the Municipal Assembly as will warrant an interference by the courts.

APPEAL from the St. Louis Court of Criminal Correction.

*Reversed and remanded.*

LEVERETT BELL and SAMUEL ERSKINE, for the appellant, cited: *Adams* v. *Lindell*, 5 Mo. App. 197; *St. Louis* v. *Jackson*, 25 Mo. 37; *St. Louis* v. *Weber*, 44 Mo. 547; *St. Louis* v. *Green*, 7 Mo. App. 468.

JAMES C. McGINNIS, for the respondent: The ordinance is not authorized by the City Charter, and is without warrant of law. — *St. Louis* v. *Sternberg*, 4 Mo. App. 453; *Savannah* v. *Hartridge*, 8 Ga. 23; *Mays* v. *Cincinnati*, 1 Ohio St. 273; *St. Louis* v. *Trust Co.*, 47 Mo. 153; *St. Louis* v. *Green*, 7 Mo. App. 468; *St. Louis* v. *Laughlin*, 49 Mo. 562. " The power to license and regulate particular branches of business or matters is usually a police power; but when license-fees are plainly imposed for the sole or main purpose of revenue, they are in effect taxes."— Cooley's Const. Lim., pars. 281, 495; *Glasgow* v. *Rowse*, 43 Mo. 390; *Ward* v. *Maryland*, 12 Wall. 418; *Cincinnati* v. *Bryson*, 15 Ohio, 625; *The State* v. *Hoboken*, 23 N. J. L. 1869; Dill. on Mun. Corp. 291, 295, 609. The ordinance is in conflict with the constitutional provision with regard to uniformity. — *American, etc., Co.* v. *St. Joseph*, 66 Mo. 681; *St. Louis* v. *Sternberg*, 8 Cent. L. J. 11.

BAKEWELL, J., delivered the opinion of the court.

Defendant was convicted, in the First District Police Court. of St. Louis, of violating the meat-shop ordinance of that city, by carrying on a meat-shop business, at 921 Market Street, without a license. On appeal to the Court of Criminal Correction, defendant moved to dismiss, on the ground that the provision under which he was convicted conflicts with

the Constitution of the State. The motion was sustained. The only question urged in this court is the validity of the ordinance.

The ordinance provides that no person shall keep a meat-shop in St. Louis without a license from the city. The ordinance marks out two districts of the city. The first district seems to include what may be called the suburban property within the city limits, whilst the second district embraces the parts of the city built up and which are being rapidly built up. This was assumed on argument to be the fact, and we take it to be so. The districts are marked out in the ordinance by the streets separating them, and nothing is said in the ordinance as to the character of each district. The meat-shop license in the first district is fixed at $100 a year, and in the second district at $25 a year. The ordinance contains many other provisions regulating meat-shops — registering them, providing when they may be open, and that they shall keep them clean, and so on.

It was competent for the voters of St. Louis, under the State Constitution of 1875, to adopt a city charter containing any provisions as to imposing license-taxes not inconsistent with the Constitution and the existing laws of the State. *St. Louis* v. *Sternberg*, 69 Mo. 289. The charter then adopted gives power to the municipal authorities (Art. III., sect. 26) " to assess, levy, and collect all taxes, for general and special purposes, on real and personal property, and licenses; * * * to establish market-places and meat-shops, and license, regulate, sell, lease, abolish, or otherwise dispose of the same; * * * to license, tax, and regulate grocers, merchants, retailers, * * * and all other business, trades, avocations, or professions whatsoever; * * * to license, tax, regulate, or suppress all occupations, professions, and trades not enumerated, of whatever name or character." These provisions give the right to license meat-shops, as plainly as can be given. It is said in so many words, in the charter, that

"the mayor and Assembly shall have power, within the city, to license meat-shops." The right to tax them is also plainly given, since the city has the power to license and tax grocers, merchants, and retailers, and all trades and avocations whatsoever. If the keepers of meat-shops are not *ejusdem generis* with " grocers, merchants, and retailers," then the meaning of these three words must be restrained altogether to grocers, that being the only kind of retail merchants specially named under this subdivision of the fifth section. The business of a meat-shop man, as prescribed in the ordinance under consideration, is to retail meat, game, and vegetables. He is certainly a retailer, and his retail business is akin to that of a grocer. We have no doubt that the charter, by a fair construction of the language used, gives the power to license and tax those keeping meat-shops. Something is urged in argument as to the licensing of various occupations being a violation of natural rights of the citizen. We are not concerned with the natural rights of the citizen. The fact that he is a citizen implies that he is not in a natural, as distinguished from an artificial state. On the social-contract theory, he has surrendered some natural rights for corresponding advantages. On any possible theory, he is, as a matter of fact, a subject of the State ; and the courts have nothing whatever to do with the supposed injustice of a law, provided the General Assembly, in passing it, has not violated some right protected by the Constitution, or committed some injustice which that instrument prohibits. The individual views of the judges as to the wisdom or unwisdom of a legislative enactment can never be allowed to affect the question of the validity of a law under discussion, because the law-making power and the power of interpreting the law are committed, with us, to separate and independent branches of the government.

It is urged that the tax imposed is a violation of that provision of the Constitution (Art. X., sect. 4) which declares that taxes " shall be uniform within the territorial limits of

the authority levying the tax." In *St. Louis* v. *Green*, 7 Mo. App. 468, we had occasion to construe this provision of the Constitution ; and we there said that, in our view, this provision was not intended to apply to taxes on privileges, occupations, or the exercise of a civil right. That opinion was accepted by the Supreme Court, except as to the single point of the right of the city to punish as a misdemeanor the violation of the ordinance imposing the license-tax. This seems to dispose of the question, which was carefully considered at that time. Reasons might be suggested why the license on meat-shops should vary in different sections of the same city, but we are not concerned with them. Restrictive legislation as to meat-shops is, in itself, manifestly reasonable ; and the City Council is probably better fitted to judge as to the localities in which they should be specially favored or restrained than are the courts. The discretion is with the Municipal Assembly ; and nothing but the clearest case of partial, unfair, and unreasonable oppression would warrant an interference on the part of the courts in the case of a by-law of a municipal corporation on a subject within the scope of the charter powers of the Municipal Assembly. *St. Louis* v. *Weber*, 44 Mo. 547. License-taxes are imposed largely with a view to regulation, especially of those occupations which are liable to be abused to the annoyance of the inhabitants of large towns, and cannot be made uniform upon classes of subjects without defeating one end for which they are imposed. They are a tax, not upon property, but upon a privilege connected with property, and are to be referred both to the taxing and to the police power of the State.

We do not consider that the views here expressed are at all at variance with anything decided, or even with anything said, in *American Union Express Company* v. *St. Joseph*, 66 Mo. 675. It is by no means intimated in that case that the constitutional provisions as to uniformity of taxation require that all persons engaged in the same business in the same

city must, under all circumstances, be taxed alike by the municipality, nor that the constitutional provision must necessarily apply to the taxation of trades and callings by municipalities. The case before the court was one, not of drinking-shops, theatres, meat-shops, or billiard-saloons, which all call for special regulations in particular localities, but of express companies. In the case before the court, the express companies were all taxed alike, so that the question as to an unequal taxation upon those companies by the corporation did not arise; nor, if it had arisen, would it have been analogous to the case at bar.

The judgment of the Court of Criminal Correction is reversed and the cause remanded. Judge LEWIS is absent; Judge HAYDEN concurs.