CITY OF ST. LOUIS, Appellant, *v.* A. SPIEGEL, Respondent.

October 28, 1884

1. CITY CHARTER — ORDINANCES — MEAT SHOPS — CONSTITUTIONAL LAW. — The city of St. Louis has the power, under its charter, to tax meat-shops.

2. —— The sale of meat in meat-shops, and the sale of meat in market-houses are not, within the meaning of section 3 of article 10 of the city charter, the same class of subjects.

3. —— An ordinance which provides that "the owners of meat-shops who have paid their license may be permitted to deliver meat in a wagon or otherwise, without taking out an additional license therefor, and in the new limits such owners may send out their wagons in such new limits," does not thereby limit the sale of meat, in the new limits, from wagons, to those whose meat-shops are within the new limits.

APPEAL from the St. Louis Court of Criminal Correction. NOONAN, J.

*Reversed and remanded.*

LEVERETT BELL and ASHLEY C. CLOVER, for the appellant.

J. C. McGINNIS, for the respondent: Wherever license fees are imposed for the main purpose of revenue they are in effect taxes. — Cooley Const. Lim., pars. 281, 495; *Ward* v. *Maryland*, 12 Wall. 418; *The State* v. *Hoboken*, 23 N. Y. L. 1869; Dill. on Mun. Corp., pars. 291, 295, 609; *Glasgow* v. *Rowse*, 43 Mo. 479; *The City of St. Louis* v. *Spiegel*, 75 Mo. 145. The city of St. Louis can exercise only such powers as are expressly conferred in its charter, or such as by necessary implication grow out of the powers directly conferred. — *Savannah* v. *Hartridge*, 8 Ga. 23–26; *Mays* v. *Cincinnati*, 1 McCook (O.), 273; Burr. on Tax., sect. 128; *The City of St. Louis* v. *Boatmen's Insurance and Trust Co.*, 47 Mo. 153; *The City of St. Louis* v. *Green*, 7 Mo. App. 468, and 70 Mo. 562.

BAKEWELL, J., delivered the opinion of the court.

This was an action begun in the police court of the city of St. Louis, against respondent, for violation of ordinance

No. 12,508 in this, that he kept a meat-shop within said city, at 725 Chouteau Avenue, on October 8, 1883, and other days, without a license.

On trial anew in the court of criminal correction, it was shown that defendant was, at the date named, keeping a meat-shop and selling meat, at the place named, within the old city limits.

Plaintiff, against defendant's objection introduced in evidence ordinance 12,508, and also 11,668, which was before this court for consideration in *City* v. *Spiegel* (8 Mo. App. 478).

The ground of defendant's objection to ordinance 12,508 was, that it was *ultra vires* of the city, and in violation of section 3, article X, of the constitution of the state, because not uniform, and that it is unreasonable and partial. The jurisdiction of the police court, in such matters, was shown.

Defendant, against plaintiff's objection, showed that the actual expense of issuing a license is one dollar; that butchers in the public markets are not required to pay a license; and that the privilege of peddling meat from wagons in the new city limits is worth about seven hundred dollars a year.

The court then found defendant not guilty and rendered judgment accordingly.

Ordinance 11,668 established a license tax upon meat-shops of $100 in the old limits and $25 in the new limits; we held, in the case above cited, that this might be done. But in this, it seems, we were wrong; for on appeal (*City* v. *Spiegel*, 75 Mo. 145), the supreme court held that this was an unconstitutional discrimination between the amounts of taxation imposed upon the same class of subjects.

The ordinance 12,508 which defendant is charged with violating, amends the objectionable feature of the original ordinance by fixing the license tax on meat-shops throughout the city at fifty dollars per annum for each shop.

1. It is now contended by appellant that the city can not tax meat shops. We held, however, in the case cited

above, that this could be done; and our decision as to this is not in any way shaken by the ruling of the supreme court in *City* v. *Spiegel*, or by anything said in that opinion. It is not necessary to add anything to what is said by this court in *City* v. *Spiegel* (8 Mo. App. 478.) As to the doctrine of *ejusdem generis*, however, we may refer to our more recent opinion in *City* v. *Herthel* (14 Mo. App. 467). These two cases dispose, so far as this court is concerned, of the objection that no power to tax meat-shops is given under the existing city charter.

2. The first section of the ordinance under consideration (Ord., No. 12,508) provides " that the owners of meat-shops, who have paid their license, may be permitted to deliver meat in a wagon, or otherwise, without taking out an additional license therefor, and in the new limits added to the city by such charter, such owners of meat-shops may send out their wagons to sell meats in such new limits."

It is contended that, by this language, a valuable privilege of hawking meat is given to the keepers of meat-shops within the new limits, which is denied to those paying the same license within the old limits of the city. We do not see that the language, by any fair construction, limits the right to sell meats in the new limits from wagons to those where meat-shops are within the new limits. It is therefore unnecessary to consider whether this could be done.

3. It is claimed that the ordinance is unconstitutional, because it does not apply to the retailers of meat in the city markets. But we do not consider that the sale of meat in market-houses and the sale of meat in meat-houses are " the same class of subjects," within the meaning of the constitutional inhibition. Art. X., sect. 3. The supreme court, in *City* v. *Weber* (44 Mo. 547), held an ordinance just and reasonable which prohibited meat-shop men, as distinguished from lessees of market stalls, from selling fresh meat in less quantities than a quarter and from selling meat

at all in the new limits.   This would hardly have been done
had the meat-shop men and market men been of the same
class.   They are *ejusdem generis* in that they are both re-
tailers, and retailers of meat; but the selling of meat in
meat-shops and the selling of it in a common market-house
are evidently different classes of subjects, exposed to dif-
ferent regulations, and which have usually been the sub-
jects of distinct ordinances, owing to the very different
conditions of the two trades.

We see no reason to hold the ordinance in question in-
valid, and therefore think that the judgment should be
reversed and the cause remanded.   All the judges concur.