[Crim. No. 210. Filed January 10, 1888.]

[S. C. 16 Pac. 209.]

THE TERRITORY OF ARIZONA, Plaintiff and Respondent, v. ROBERT CONNELL, Defendant and Appellant.

1. INTOXICATING LIQUORS—LICENSE—UNIFORMITY—R. S. ARIZ. 1887, p. 396, par. 2239 and p. 395, par. 2236 CONSTRUED AND HELD CONSTITUTIONAL.—Statutes, *supra*, providing that the rate of license for a liquor dealer be fixed at $50 per quarter, and that the rate for wayside inns be $10 per quarter, and that apothecaries and physicians be exempt, and for punishment for violation of the law, are not void for want of uniformity, being uniform as to each class, and the classification is reasonable and within the power of the legislature to make.

2. TERRITORIES—EXTENT OF LEGISLATIVE POWER—LIMITATIONS—PROVISIONS OF CONSTITUTION OF UNITED STATES—BILL OF RIGHTS—UNIFORM OPERATION OF LAWS—R. S. ARIZ. 1887, p. 515, par. 2858, CITED.—The principle of uniformity is differently stated in various state constitutions, which must each be construed by their terms. The territories have no such constitutional restrictions. Their legislative power is only limited by the constitution and laws of the United States. It would be inconsistent with the constitution for a territory to levy an excise tax that is lacking in the requirement of uniformity, though it would be otherwise as to a

direct tax.  The so-called bill of rights of this territory is no more than any other legislative enactment and can make no limitation upon the powers of the legislature.  An act which acts uniformly upon all of a class has a uniform operation within the meaning of R. S. Ariz. 1887, p. 515, par. 2858, cited.

3. CONSTITUTIONAL LAW—INJUSTICE IN OPERATION OF LAW—COURTS CANNOT ANNUL LAWS ON ACCOUNT OF.—That a law is unjust is not a question of law.  Courts cannot annul tax laws because of their operating unequally and unjustly.

4. CONSTITUTIONAL LAW—LEGISLATURES—POLICE REGULATIONS.—Laws regulating liquor dealers, saloon keepers, hawkers, etc., and imposing a license thereon are within the police powers of the legislature.

APPEAL from a Judgment of the District Court of the Third Judicial District in and for the County of Yavapai. Affirmed.

The facts are stated in the opinion.

John A. Rush and Sumner Howard, for Appellant.

The revenue law of 1887, so far as it imposes a license tax is oppressive, irregular and void for the reason that it being a territorial tax, does not apply "equally" and with "uniformity" to all wholesale and retail dealers in spirituous and malt liquors (or either) in the territory, but on the contrary, makes a material discrimination between such dealers as a class, varying the amount of license tax to be paid; the distinction and difference in the amount to be paid by dealers being made dependent upon the place or places in said territory where the business of selling liquors is to be carried on.  Said difference, distinction, and want of uniformity and equality, is arbitrary.  In taxing the business or occupation of the citizen for state, territorial, county or municipal revenue, the principal of uniformity and equality within the limits of the territory in which the tax is imposed and for whose benefit the revenue is raised, as applied to classes of business or occupation is universally recognized as fundamental.  See Art. 17, p. 26, Comp. Laws; Cooley's Constitu-

tional Lim. p. 499; also 501-2-3-4, note to 507, and note to 509, 515, 516.

The Constitution of the United States provides that "All duties, imposts and excises shall be uniform." 1 Bouvier Law Dict. p. 455; *Loughborough* v. *Blake,* 5 Wheat. 318; *People* v. *Coleman,* 4 Cal. 46, 60 Am. Dec. 589; *People* v. *McCreery,* 34 Cal. 460; *City of Lexington* v. *McQuillan,* 9 Dana 513, 35 Am. Dec. 163 to 167; People v. Township Board, Vol. 9, American Law Register, page 488, and cases cited therein; *Gerrard Co.* v. *Nav. Co.,* Vol. 10 Am. Law Reg. pp. 154-155; Bill of Rights, Comp. Laws, page 26, Art. 17.

As to what is uniform operation, see State v. Boyd, 19 Nev. 43, 5 Pac. Rep. 735-6; *Zeigler* v. *Gaddis,* 44 N. J. Law, 365. *Comm.* v. *Patton,* 88 Pa. St. 260; *City of Newton* v. *Atchison,* 31 Kan. 151, 47 Am. Rep. 486, 1 Pac. 295-7.

License taxes must be uniform. Stimson's Am. St. Law, page 88. It must reach all of a class. Cooley on Tax. 128-129 (Note) pp. 178-180, 230 (Note).

John C. Herndon, Dist. Atty., for Respondent.

PORTER, J.—The defendant in this case was prosecuted for a violation of section 2239 of the Revised Statutes by selling liquors in less quantities than one quart without a license therefor. He was found guilty, and sentenced to pay a fine according to section 2236, Rev. St. From that judgment he appeals to this court. He urges that the law is void, for the reason that it is a mere tax, and lacks the requirement of uniformity in this: that the rate for a license to a liquor dealer is fixed at $50 per quarter, and the rate for one who sells liquors at a wayside inn or station is fixed at $10 a quarter, and exempts a physician or apothecary who sells liquors used in the preparation of medicines. The act in question requires a license of liquor dealers, saloon keepers, hawkers or peddlers, theaters and shows, billiard table keepers, brewers and distillers, and gamblers. If it be considered merely as a tax and having no other object the general idea of uniformity is required. It belongs to that class of taxes imposed in the form of duties, imposts, and excises. They often take the form of license fees for permission to carry

on particular occupations or to enjoy special franchises. The rate may be determined by the amount of business done, or profits earned, or they may be direct upon property in proportion to its value, or upon some other basis of apportionment which the legislature shall regard as just. Cooley, Const. Lim. *c.* 14, and cases cited. Such laws are within the taxing power. Perfect accuracy cannot be attained. If the rate were the same for all liquor dealers, he who sold most at largest profit would be taxed least, yet no one would say such a law violates the principle of uniformity. A law fixing the rate by profits would be theoretically uniform; yet such a law would be impracticable. Profits are controlled by so many facts, good management, favorable location, and other ever-changing conditions, that such a law could not be enforced. The law declares that all who sell liquors within five miles of a town or city shall pay one rate and the keeper of a wayside inn or station another rate. There is uniformity as to each class, and the classification is reasonable and within the power of the legislature to make. *Marmet* v. *State,* 45 Ohio St. 63, 12 N. E. 463; *Cleveland* v. *Tripp,* 13 R. I. 50; *Bishop* v. *Tripp,* 15 R. I. 466, 8 Atl. 692; *Anderson* v. *Brewster,* 44 Ohio St. 576, 9 N. E. 683.

It must be remembered that the principle of uniformity is stated in different forms in the several state constitutions, each one of which must be construed by its terms. *City of St. Louis* v. *Spiegel,* 90 Mo. 587, 2 S. W. 839; *Davis* v. *Gaines,* 48 Ark. 370, 3 S. W. 184; *Town of Highgate* v. *State,* 59 Vt. 39, 7 Atl. 898; *City of Allentown* v. *Adams,* (Pa.) 8 Atl. 430; *Taxpayers etc. Assn.* v. *Kirkpatrick,* 41 N. J. Eq. 347, 7 Atl. 625; *Adler* v. *Whitebeck,* 44 Ohio St. 539, 9 N. E. 672. The territories have no such constitutional limitations. The act of congress declares that "the legislative power of every territory extends to all rightful subjects of legislation not inconsistent with the constitution and laws of the United States." Section 8, art. 1, Const. U. S.: "The congress shall have power to lay and collect taxes, duties, imposts, and excises," etc.; "but all duties, imposts, and excises shall be uniform throughout the United States." By this clause "direct taxes must be laid and collected by the rule of apportionment; duties, imposts, and excises must be laid and collected under the rule of uni-

formity." *Veazie Bank* v. *Fenno,* 8 Wall. 541; *Hylton* v. *United States,* 3 Dall. 171; *Scholey* v. *Rew,* 23 Wall. 348.

It would be inconsistent with the constitution for a territory to levy an excise tax that is lacking the requirement of uniformity, though it would be otherwise as to a direct tax. Counsel refer to the so-called bill of rights of this territory. At best that is no more than any other legislative enactment, and can make no limitation upon the powers of the legislature, but this law is not inconsistent with any provisions thereof. Section 2858, referred to, declares that "all laws of a general nature shall have uniform operation." As we have said, the act before us acts uniformly upon all of a class, hence it has a uniform operation. *Youngblood* v. *Sexton,* 32 Mich. 406, 20 Am. Rep. 654.

It is urged that this law is unjust. But this not a question of law. The argument is presented to the wrong tribunal. "Courts cannot annul tax laws because of their operating unequally and unjustly; if they could, they might defeat all taxation whatsoever; for there never yet was a tax law that was not more or less unequal and unjust in its practical workings." *Youngblood* v. *Sexton,* 32 Mich. 406, 20 Am. Rep. 654.

Again, this legislation comes within the police power of the legislature. Liquor dealers, saloon keepers, hawkers, peddlers, theaters, shows, billiard table keepers, gamblers, brewers, etc., all of whom are by this act required to pay a license, belong to that class of trades which have ever been the subject of regulation under what are called the police powers. Such laws "are looked upon as police regulations established by the legislature for the prevention of intemperance, pauperism, and crime, and for the abatement of nuisances." Cooley, Const. Lim. 583, and cases cited. In a late unreported case sustaining the laws of Kansas prohibiting the manufacture and sale of intoxicating liquors, the supreme court of the United States reaffirms the power of the legislature to make such laws. If the power be granted, the legislative will must determine how the power shall be exercised. We see no error in this record, and the judgment of the district court must be affirmed.

Wright, C. J., and Barnes, J., concur.