THE CITY OF ST. LOUIS v. THE CONSOLIDATED COAL COMPANY, *Appellant.*

113  83
158 345

Division Two, December 19, 1892.

1. **License Tax**: BOATS: CITY ORDINANCE: ST. LOUIS CITY. An ordinance of the city of St. Louis, exacting a license tax on tugs and barges, and authorizing a reduction of forty per cent. on the regular rates in favor of vessels owned by residents of St. Louis city and returned and assessed for taxation within said city during the year specified in the ordinance, is constitutional.

2. ———: ———: ———: FOREIGN CORPORATION.  A foreign corporation having its principal office in St. Louis city, where it registers its boats under the United States registry laws and returns and lists them for taxation in compliance with the above city ordinance is entitled to the benefit of said reduction.

3. License Tax: UNIFORM TAXATION: CONSTITUTION.  A license fee being a tax within the meaning of article 10, section 3, of the Constitution which requires "all taxes to be uniform upon the same class of subjects within the territorial limits of the authority levying them," and the foriegn corporation's boats being taxed the same as those of resident owners it is entitled to the same reduction without regard to its foreign *situs*.

4. Taxes: CITY: ESTOPPEL.  Where a city has collected taxes on property and retains the same, it is estopped to claim that such property was not subject to taxation within its limits.

5. Supreme Court Practice: FEDERAL QUESTION.  A suit by the city of St. Louis for the recovery of the license fee on defendant's tugs, where the defendant, a foreign coporation, claims the forty per cent. reduction provided under the local ordinance and tenders the remainder, presents no federal question.

*Appeal from St. Louis City Circuit Court.*—HON. JAS. E. WITHROW, Judge.

REVERSED AND REMANDED.

*C. W. Thomas* for appellant.

(1) The city having assessed the property for taxation was estopped to deny appellant the benefit of the forty per cent. reduction provided for by the ordinance. *Martell v. East St. Louis*, 94 Ill. 67.  (2) The ordinance if it discriminates against those who are not "residents" of the city, solely on account of non-residence, is void.  *Ward v. Maryland*, 12 Wall. 418; *State v. North*, 27 Mo. 464; *Crow v. State*, 14 Mo. 237.  (3) The fact of residence, in the ordinary sense of that word, is unessential. . The ordinance is based upon the consideration that all vessels using the wharf ought to submit as near as may be to like impositions, and

where the vessels are not assessed for taxation the full license should be exacted, and *vice versa*. *St. Louis v. Trans. Co.*, 84 Mo. 156. (4) The appellant was a resident of the city within the meaning of the ordinance. (5) The judgment is not for any certain sum.

*W. C. Marshall* for respondent.

(1) The ordinance fixing the rate of license fees is constitutional and a valid exercise of the powers of the city of St. Louis. *Packet Co. v. St. Louis*, 100 U. S. 423. (2) Under this ordinance none but residents of the city of St. Louis are entitled to the benefit of the forty per cent. reduction. *St. Louis v. Trans. Co.*, 84 Mo. 156. (3) The fact that the defendant made return of the tugs and transfer barge in question and paid taxes thereon in St. Louis does not entitle it to the reduction. *St. Louis v. Ferry Co.*, 11 Wall. 423. (4) Inasmuch as the city had the power to prescribe the rate of wharfage dues for all boats landing at its improved wharf *(Cannon v. New Orleans*, 87 U. S. 417; *Packet Co. v. Keokuk*, 95 U. S. 80; *Packet v. St. Louis*, 100 U. S. 423; *Cape Girardeau v. Campbell*, 26 Mo. App. 12); and, inasmuch as the ordinance does not discriminate against the defendant but deals with persons according to their class, the court has no power to add to or take from the qualifications of each class as prescribed by the ordinance, and no person can claim the benefit of any reduction allowed by the ordinance unless he brings himself clearly within the terms of the ordinance.

THOMAS, J.—The plaintiff recovered, in the court below, judgment against the defendant company for $200 on account of license fees for the two steam tugs, "Gartside" and "Alice Parker," and on the transfer.

barge "Louisa." The case is before us on defendant's appeal certified from the St. Louis court of appeals on the ground that plaintiff is a political subdivision of the state and hence this court has exclusive jurisdiction herein. Constitution of Missouri, art. 6, sec. 12.

The record shows that the license fees involved in the action were levied in 1888 and 1889 on said tugs and barges in pursuance of an ordinance of plaintiff, which, among other provisions, has the following: "A reduction of forty per cent. from the rates of license established by this section shall be allowed to vessels owned by residents of St. Louis and returned and assessed for taxation within said city during the year commencing on the first day of June immediately preceding the day on which the license takes effect."

The defendant claims the forty per cent. reduction allowed by this ordinance and tendered the residue.

On the trial defendant moved that the "steam tug 'Gartside,' and the transfer barge 'Louisa,' were registered under the laws of the United States in the port of St. Louis; that both of said vessels ply in the harbor of St. Louis and were returned by defendant for taxation in said city for the years commencing June 1, 1888 and June 1, 1889, and that defendant is a corporation created and existing by and under the law of Illinois, and makes return every year of a large amount of other property, real and personal, for taxation in said city and has its principal office in said city."

The court held that defendant was not entitled to the forty per cent. deduction and this presents the only question for decision.

I. The ordinance of the city exacting the license fees in question is valid as not being in conflict with any provision of the Constitution of this state, or that

of the United States. *Packet. Co. v. St. Louis*, 100 U. S. 423.

II. Plaintiff contends that defendant, being a foreign corporation, was not compellable to list the tugs and barge in St. Louis for taxation, and that it was not a resident of the city within the meaning of the ordinance, and hence was not entitled to the forty per cent. reduction. The city having listed this property for taxation, whether rightfully or wrongfully, is estopped from denying the validity of its action in that regard. *Martel v. East St. Louis*, 94 Ill. 67. If it had desired to avoid the allowance of this reduction, and the property, owing to the non-residence of the owner and its legal *situs* elsewhere, was not properly taxable therein, it should have refused to list it for taxation or to levy the tax. But aside from this rule, we feel satisfied from the facts clearly proved, that the property was taxable in St. Louis. The boats were registered there under the national registry statutes; defendant's principal office was there, and for aught that appears in this record the home port of the boats was also there. While a corporation, in the jurisprudence of the United States, is regarded as a citizen of the state which created it and can exercise its franchise in another jurisdiction only so far as may be permitted, yet "by the consent, express or implied, of the local government, it may transact there any business not *ultra vires*, 'and like a natural person may have a special or constructive residence, so as to be charged with taxes and duties or be subjected to a special jurisdiction.'" *St. Louis v. Ferry Co.*, 11 Wall. 424.

If the physical *situs* of the boats was in St. Louis, they were taxable property there, though the legal residence of their owner was in Illinois. The facts here clearly distinguish this case from the case last cited.

III. But the city having taxed the boats, it must allow the reduction claimed under section 3, artcle 10 of our Constitution which requires all taxes to be "uniform upon the same class of subjects within the territorial limits of the authority levying them." This court has held that a license fee is a tax, within the meaning of this provision, and must be uniform on the same class of subjects within the territorial limits of the authority levying it. *St. Louis v. Spiegel*, 90 Mo. 587; *St. Louis v. Bowler*, 94 Mo. 630. This being the unquestioned law, it requires no argument to show that if the city in this case is permitted to collect an *ad valorem* tax on the value of the boats, and in addition thereto exact the whole amount of the license fees without reduction, the taxes thus levied and collected would be in excess of taxes levied on other property of the same class confessedly coming within the purview of the ordinance, and this the constitution prohibits. The rule requiring uniformity of taxation extends to all property within the territorial limits of the authority levying taxes, without regard to the residence of the owner.

The judgment is reversed and the cause remanded for a new trial. All concur.

### ON MOTION FOR REHEARING.

Thomas, J.—We desire to state that what was said in the original opinion, in reference to the estoppel of the city of St. Louis to deny the validity of the listing of the boats in question for taxation, was intended to apply to the record before us, as without this explanation our language might seem too sweeping. We assumed that the defendant had listed its property for taxation in St. Louis and had paid the taxes levied thereon to the city, and upon that assumption we held

the city was estopped from denying the validity of the assessment or tax; that we were justified in assuming this, we quote from the argument of the city attorney as follows, the italics being ours:

"The fact that the defendant made return of the tugs and transfer barge in question and *paid taxes thereon* in the city of St. Louis does not entitle it to the benefit of the forty per cent. reduction, for the ordinance contains a further requisite, that is, that the owner of such tugs should also be a resident of the city of St. Louis. It was defendant's own concern *if it paid taxes* in St. Louis on property which was not taxable under the laws of this state. *St. Louis v. Ferry Co.*, 11 Wall. 423. The defendant could not, by voluntarily *paying taxes* which it was not obliged to pay, become a resident of the city of St. Louis, or bring itself within the forty per cent. exemption of the ordinance."

If a city can *collect* and *retain* taxes levied by its officers and then claim that it is not estopped from denying the validity of such taxes, we confess to an inability to understand what estoppel means. If the boats in question were not properly taxable in St. Louis, the city might have a remedy, but it must first refuse to receive the tax levied, or if received refund or offer to refund it. As long as it retains the tax, it cannot take advantage of its own wrong and stultify itself by asserting that the property was not subject to taxation within its limits.

There is no federal question involved in this case and therefore the motion to transfer it to the court *in banc* and the motion for rehearing will be denied. All concur.