T. W. FREEMAN, Respondent, v. ST. LOUIS QUARRY COMPANY *et al.*, Appellants.

W. H. NAVE, Respondent, v. ST. LOUIS QUARRY COMPANY, Appellant.

### St. Louis Court of Appeals, April 10, 1888.

1. JURISDICTION, APPELLATE—This court has no appellate jurisdiction of any cause in which a political subdivision of the state is a party.

2. APPEALS, JOINT OR SEVERAL—TRANSFER TO SUPREME COURT. Where there are two defendants, one of whom is a political subdivision of the state, and the other a private person or corporation, and both appeal, the entire cause is constitutionally excluded from the appellate jurisdiction of this court. If only one appeals, the appeal will lie to the proper court, according to the *status* of the appellant, without regard to the *status* of the party not appealing. If each severally appeals at a different time, so that one appeal is taken to this court, and one to the Supreme Court, the appealing orders may be afterwards properly modified and consolidated by the trial court; otherwise, this court, upon becoming possessed of the cause, should transfer it to the Supreme Court.

APPEALS from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Transferred to the Supreme Court.*

T. J. CORNELIUS, for the appellant.

W. B. HOMER, for the respondents.

ROMBAUER, P. J., delivered the opinion of the court.

A motion to transfer this cause to the Supreme Court in pursuance of the provisions of the act of March 18, 1885 ( Laws, 1885, page 121 ), has been filed herein by the appellants, the St. Louis Quarry Company, and the City of St. Louis, on the ground that the

Supreme Court alone has appellate jurisdiction thereof. This motion is resisted by the respondents on the ground that the city is not before this court at all, and as to the other appellant this court has exclusive appellate jurisdiction.

As the question presented is one of first impression, and may frequently occur, and is not free from doubt, we have concluded to sustain the motion, so that upon a motion to remand filed in the Supreme Court, that court may have an opportunity to establish a precedent for the guidance of this court in similar cases.

The facts are these: The two cases being tried together the trial court rendered judgment therein against both defendants for the sums of two hundred dollars and one hundred and seventy-five dollars, respectively. From the judgments thus rendered both defendants appealed during the term, the quarry company on February 2, 1888, and the city on the succeeding day. The appeal of the quarry company was made returnable to this court, and that of the city to the Supreme Court of the state.

The constitution originally provided for appeals from this court to the Supreme Court, in cases where a county or other political subdivision of the state is a party. The constitution now provides that in all causes or proceedings reviewable by the Supreme Court, appeals shall lie from the trial courts directly to the Supreme Court, and the Supreme Court shall have exclusive jurisdiction of such appeals. It will be noticed that neither the original constitution nor its amendment makes the final or exclusive appellate jurisdiction of the Supreme Court depend upon the fact that such political subdivision is the sole party to the cause, but that it is a party. This court, therefore, has no appellate jurisdiction of any cause now in which a political subdivision of the state is a party.

It is true that under the practice of this state, a severance in an appeal is admissible. It is also true that if the quarry company alone desired to appeal, its

appeal would have been to this court; but that necessarily upon the ground that the city not appealing has ceased to be a party within the constitutional provisions, because as to it the judgment below would have remained in full force, and not affected by the appeal. *Urton v. Sherlock*, 61 Mo. 257.

The question becomes complicated, owing to the proposition of law, that an appeal is supposed to be pending in the appellate court as soon as it is granted and perfected. *Oberkoetter v. Luebbering*, 4 Mo. App. 481; *State v. Musick*, 7 Mo. App, 597. Even though the appeal is improvidently granted the case is removed thereby to the appellate court until the order of appeal is vacated on proper proceedings. *State v. Lubke*, 15 Mo. App. 152. As both appeals were granted during the same term, and the trial court, during the term, might have vacated the appeal of the quarry company, if improvidently granted, it would seem that that would have been the proper course of proceeding, followed by granting an appeal to both defendants to the Supreme Court. As this was not done, this court obtained jurisdiction of the appeal of the quarry company, and unless divested of that jurisdiction, in some manner, is bound to proceed with it to its final hearing and determination.

On the other hand, if our view is correct, that an appeal taken by the city removes the entire case to the Supreme Court, it would seem to follow that it is the duty of this court to make an order transferring the record to the Supreme Court, on the ground that it is a case within the spirit, if not within the letter, of the act of March 18, 1885, since it is not conceivable that the constitution intended that the same propositions in the same case should be reviewable by distinct appellate tribunals, both having final jurisdiction, as such a course might lead to interminable confusion.

All the judges concurring, the motion to transfer will be sustained.