EMILE ROSENBERGER, Appellant, v. JULIET A. JONES AND JOSEPH C. McCLURE, Respondents.

St. Louis Court of Appeals, March 22, 1892.

1.   **Jurisdiction, Appellate.**   If a judgment debtor, claiming to have paid the judgment, makes a motion for the entry of satisfaction, and the motion is overruled after an appeal has been allowed to the supreme court, and while such appeal is pending in that court, this court will not take jurisdiction of an appeal from the order overruling such motion, since a conflict of decision might arise from its assumption of such jurisdiction.

2.   **Judgment, Satisfaction of:** WAIVER OF RIGHT OF APPEAL. *Held, arguendo,* that a judgment creditor cannot lawfully appeal from a judgment after he has accepted payment of the judgment.

*Appeal from the Montgomery Circuit Court.*

TRANSFERRED TO SUPREME COURT.

THOMPSON, J.—This is an appeal from an order of the circuit court of Montgomery county, overruling a

motion made by the plaintiff to require the clerk of the court to enter satisfaction of a certain judgment which the defendant, Juliet A. Jones, had obtained against the plaintiff. The motion was in writing and was in the following language: "Now comes the plaintiff and states to the court that, on the sixth day of December, 1890, a judgment was rendered in this court in favor of the defendant, Juliet A. Jones, and against this plaintiff, for $117.20, bearing six-per-cent. interest; that on the seventh day of August, 1891, the plaintiff paid off said judgment by paying to her in lawful money $123, which amount is sufficient to pay off said judgment, interest and the fee for acknowledging satisfaction of said judgment; that he then and there requested the defendant, Juliet A. Jones, to enter satisfaction of said judgment, and again about a week later. Plaintiff further says that a reasonable time has elapsed since the plaintiff paid off said judgment, and since he requested the defendant, Juliet A. Jones, to acknowledge satisfaction of said judgment, and that said Juliet A. Jones refuses and neglects to enter satisfaction of said judgment. He, therefore, moves the court to make an order on the clerk of this court, ordering him, the said clerk, to enter satisfaction of said judgment as made and provided by statute."

The bill of exceptions recites the proceedings which took place at the hearing and decision of the motion as follows: "And on the third day of November, 1891, at the same July term, 1891, of said Montgomery circuit court, said motion coming on to be heard, the plaintiff, to sustain the issues on his part, offered evidence to prove the facts alleged in said motion, and to the introduction of any evidence to prove the facts contained in the motion the defendants objected, for the reason that the defendants did, on the twenty-eighth day of August, 1891, and during the July term of this court, file their affidavit for an appeal in the cause, and that the court did, on November 2, 1891, and

during the session of the July term of this court, grant the defendants an appeal to the supreme court of the state of Missouri, which appeal was duly perfected on that day by the filing and approving of defendants' appeal bond, and the appeal is now pending; which objection was sustained by the court, and to which ruling of the court the plaintiff then and there excepted at the time. Whereupon the court overruled said motion; to which ruling of the court the plaintiff then and there excepted at the time."

It thus appears that the circuit court overruled the motion, for the reason that an appeal had been granted to the defendant, Juliet A. Jones, and her codefendant McClure from the judgment, which it was the object of the movant to have the court require the clerk to satisfy, which appeal was pending at the date of the hearing of the motion. This statement of the facts makes it obvious that we have no jurisdiction to dispose of the present appeal on its merits. If the defendant, Juliet A. Jones, had, indeed, accepted satisfaction of the judgment prior to the time when she took her appeal therefrom to the supreme court, then it would follow that the appeal was not lawfully taken; for a party cannot, after accepting the fruits of a judgment in so far as it works in his favor, appeal from it. *Cassell v. Fagin*, 11 Mo. 207; *RoBards v. Lamb*, 76 Mo. 192; *State ex rel. v. Lubke*, 15 Mo. App. 166. If, then, we were to reverse the judgment of the circuit court rendered upon this motion and direct that court to make an order requiring the clerk to satisfy the judgment of record, we should make an order which, if it could have any legal effect at all, would have the effect of ousting the jurisdiction of the supreme court of an appeal pending before it. The very statement of this proposition shows that we have no jurisdiction to deal with this appeal on its merits.

But it is argued that, at the time when this motion was heard in the circuit court, the term at which the

Rosenberger v. Jones.

appeal to the supreme court had been granted was still open,—that it had been prolonged by successive adjournments,—from which the conclusion is drawn by counsel that the matter of the appeal was still in the breast of the court, and that the jurisdiction of the circuit court over the cause had not finally terminated in consequence of the granting of the appeal. Let it be conceded, for the sake of argument, that, at the time when the circuit court heard this motion, the court had power to set aside its order granting the appeal to the supreme court upon a showing made by the plaintiff that, prior to the granting of the appeal, the judgment attempted to be appealed from had in fact been satisfied; yet the conclusion sought to be drawn by counsel for the movant by no means follows, since the record does not show that the circuit court did in fact set aside the appeal to the supreme court, and it is quite clear that the circuit court could not dispose of a motion to have a judgment satisfied of record, which judgment had been appealed from, so long as the appeal stood without being vacated. We conclude that the appeal from the order overruling this motion is an essential part of the cause depending in the supreme court on the appeal from the judgment in chief. It is not conceivable that the constitution, in drawing the line of demarcation between the jurisdiction of the supreme court and this court, intended that such an incongruous thing could happen as that the supreme court could entertain an appeal from a judgment in a cause, while at the same time this court should entertain an appeal from an order overruling a motion to have the same judgment satisfied of record. Suppose that we should order the judgment satisfied, and the supreme court should reverse the judgment on the appeal pending before it. But we need not follow this matter further. It is too plain for much argument that we have no jurisdiction to deal with the present appeal on its merits, and that, following the analogy of our

decision in the case of *Freeman v. St. Louis Quarry Co.*, 30 Mo. App. 362, we exercise our power in the only proper way by transferring this record to the supreme court under the statute. It is so ordered. All the judges concur.