AMERICAN UNION EXPRESS Co., *Appellant* v. CITY OF ST. JOSEPH.

1. **Taxation**: SECTION 30, ART. 1, CONSTITUTION OF 1865, which provided that "all property subject to taxation ought to be taxed in proportion to its value," while it enjoined a uniform rule in imposing taxes on property, did not abridge the power of the Legislature to provide revenue from other sources, (*following Glasgow v. Rowse*, 43 Mo. 479).

2. **Municipal Powers of Taxation**: UNIFORMITY AND EQUALITY. A city which is authorized by its charter to license, tax and regulate merchants, agents, express companies, insurance companies, &c., has power to impose an *ad valorem* tax upon the gross annual receipts of an express company from its business done in the city, and such tax does not violate the constitutional requirement of uniformity and equality because different from that imposed upon merchants. That requirement is complied with if all persons engaged in the same business are taxed alike.

| 66 | 675 |
| 118 | 401 |
| 66 | 675 |
| 136 | 479 |
| 66 | 675 |
| 138 | 45 |
| 66 | 675 |
| 157 | 307 |

3. **State Taxation on Receipts of Express Companies,** NO INFRINGMENT ON POWER OF CONGRESS TO REGULATE COMMERCE. A tax levied by State authority upon the gross receipts of an express company, whose business consists in receiviug goods to be delivered at points outside of the State, to which the company's line does not extend, is not a violation of that provision of the constitution of the United States which confides to Congress alone the power to regulate commerce with foreign nations and among the several States, (*following Erie R. R. Co. v. Pennsylvania,* 15 *Wall.* 284).

4. **Municipal Tax on Express Companies:** ESTOPPEL A tax imposed by city ordinance upon the gross receipts of an express company as a compensation for the transaction of its business in the city, is properly collected from the gross earnings without deduction for expenses incurred in conducting the business.

   If a part of the gross receipts have been paid out to other companies as their *pro rata* for carrying freight, although in strictness the amounts so paid may not be liable to taxation under the ordinance, yet when they are embraced in the return made by the company itself, and the tax has been paid on the whole, though under protest, it cannot be recovered back.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

*Allen H. Vories* for appellant.

1. The defendant, under its charter and ordinances, had no constitutional power under the same ordinance to provide one mode of taxation for merchants and an entirely different one for express companies, when the power to " license, tax, &c.," is contained in the same section.

2. Defendant had no power to license plaintiff's business and tax it for revenue purposes, especially in the same ordinance. The power to license, regulate and tax, as contained in defendant's charter, cannot be construed into a power to issue license to plaintiff for permission to carry on its business, and also to tax it for revenue purposes, as was done by defendant, usiug both means. 1 Dillon on Mun. Corp. §§ 291, 292, 293 ; 2 Ib. §§ 606 to 610 ; Cooley on Taxation, 408 to 413.

3. The tax, as assessed, was illegal, as but fifteen per

cent. of the amount received, was received by plaintiff as a compensation in said city for the transaction of such express business, and the remainder passed through plaintiff's hands, in the way of paying back charges to other express companies, and advancing money to pay on freight carried by other companies outside of the State.

4.   It is admitted that defendant could have passed an ordinance taxing the avocation of plaintiff as an express company ; but it is denied that it had the power to impose a license, and then, by way of taxing its business, raise a revenue of two per cent. on $11,548.70, when, if plaintiff's $1,200 worth of property had been taxed, it would have received as revenue from plaintiff, twenty-four dollars instead of $230.   The merchant pays taxes upon his property on hand once a year, but plaintiff pays upon the amount of money coming into its hands during the entire year.   Hence the ordinance operates as a prohibition, is unjust and unequal.

5.   The plaintiff is a foreign corporation, its stock owned in New York, engaged in transporting freight across the State of Missouri from California to New York. Now, if the defendant, or the State of Missouri, attempt to impose and collect a tax upon the gross amount of freight receipts received by plaintiff in St. Joseph for freight so transported across our state, the plaintiff being merely one of the connecting lines, it would clearly be unconstitutional and void.   State Freight Tax Case, 15 Wallace 232.

*Benjamin R. Vineyard* for respondent.

1.   The charter of defendant gave the mayor and city council power to license, tax and regulate express companies or their agencies, and in pursuance of that power and authority the ordinance complained of was passed; and the objections, on the ground of unconstitutionality are not well taken.   *Washington v. State*, 13 Ark. 752 ;

*Zanesville v. Richards*, 5 Ohio (N. S.) 589, 593; *Baker v. Cincinnati*, 11 Ohio (N. S.) 534, 541; 2 Dillon Mun. Corp. (2 Ed.) p. 692, § 593; *Fire Depart. Milwaukee v. Helfenstein*, 16 Wis. 136; *U. S. Ex. Co. v. Ellyson*, 28 Iowa 370; *Simmons v. State*, 12 Mo. 268; *St. Louis v. Laughlin*, 49 Mo. 562; *Glasgow v. Rowse*, 43 Mo. 489; *Erie R. R. Co. v. Pennsylvania*, 15 Wallace 284.

NORTON, J.—This suit was instituted in the circuit court of Buchanan county to recover back a part of the taxes paid by plaintiff for the years 1872 and 1873. It is alleged that the taxes were paid by plaintiff under protest, and because defendant, through its collector, threatened to seize and sell the property of the plaintiff to pay the same. The petition alleges that, during the years 1872 and 1873, the plaintiff only had at any one time $2,500 worth of property, and yet plaintiff's taxes for the year 1872, as assessed, amounted to $180.97, and for the year 1873, to $206.75, although the tax levy was only two per cent. It is alleged that this tax was illegally assessed, under an ordinance of said city requiring express companies to pay an *ad valorem* tax equal to that which is levied upon real estate within the limits of said city, for general and special purposes, upon the gross amount of all moneys which, during the year ending on the first day of January, shall have been received by such company, as a compensation for the transaction of such express business; that under said ordinance plaintiff was required, on the first day of January of each year, to take out a license, and to pay therefor, the amount assessed under said ordinance as an *ad valorem* tax; that, in consequence thereof, plaintiff has been forced to pay more than its due share of the municipal taxes for the years 1872 and 1873, and asks judgment for the recovery of the taxes so paid. The answer contained a denial of each and every allegation of the petition. Upon the trial, after the introduction of plaintiff's evidence, the court instructed the jury that on the evidence

plaintiff was not entitled to recover. Whereupon a non-suit was taken, with leave, and a motion to set the same aside, and for new trial being overruled, the plaintiff brings the case here by appeal. On the trial plaintiff offered in evidence, a provision from defendant's charter, empowering it "to license, tax and regulate wholesale merchants, agents, express companies or their agencies, insurance companies or their agencies, telegraph companies or their agencies, land agents and real estate brokers," also, an ordinance entiled "merchants," to the effect that merchants shall, on the first day of January of each year, take out a license and pay an *ad valorem* tax, equal to that which is annually levied upon real estate within the limits of the city, on the actual cash value of all goods, wares and merchandize which they may have in their possession or under their control, whether owned or consigned to them for sale, on the first day of January in each year; also, another ordinance, entiled "express companies," to the effect "that every express company or agency thereof, doing an express business in the city, shall pay an *ad valorem* tax equal to that which is levied upon real estate within the limits of the city, for general and special purposes, upon the gross amount of all moneys which, during the year ending on the first day of January, shall have been received by such company or agency in said city, as a compensation for the transaction of such express business." Other evidence was introduced, showing that the city collector had the authority to seize and sell property after demand and refusal to pay the tax; also, evidence tending to show that plaintiff had paid the tax in question under protest, after its payment had been demanded by the collector.

It is argued by counsel for plaintiff that the court erred in giving the instruction that, under the evidence, plaintiff could not recover, because defendant, by virtue of the authority given in the charter, had no constitutional power to provide one mode of taxation for merchants and

another and different mode for express companies, and because the evidence showed that the tax was involuntarily paid.

We entertain no doubt of the right of the Legislature to delegate the power to tax. This does not seem to be 1. TAXATION: section 30, art. 1, constitution of 1865. disputed, but it is contended that defendant in exercising the power so exercised it as to conflict with ·the provision of the constitution then in force, " that all property subject to taxation ought to be taxed in proportion to its value." The question here presented was considered in the case of *Glasgow v. Rowse*, 43 Mo. 479, which involved the constitutionality of an act of the Legislature imposing a tax on incomes, and it was held that such an act was not in conflict with the above constitutional requirement; and that the mandate that taxes on all property shall be in proportion to its value, does not include every species of taxation, that while it enjoins a uniform rule in imposing taxes on property, it does not abridge the power of the Legislature to provide revenue from other sources. It has also been held that the power of the Legislature to tax all professions, is unquestioned, and the State might delegate the authority, but it should be done in clear and unmistakable terms. *St. Louis v. Laughlin*, 49 Mo. 559; *Simmons v. State*, 12 Mo. 268.

In defendant's charter the power to tax as well as to license and regulate express companies or their agencies, 4. MUNICIPAL POWER OF TAXATION: uniformity and equality. is in plain terms conferred by the Legislature. It may be conceded that if it appeared that the power conferred was simply to license and regulate the occupation or pursuit of express companies, it would not authorize the levying of a tax on the occupation unless it clearly appeared that such was the legislative intent in conferring it. 1 Dill. 292. But here the power to tax is expressly given, and hence the argument of counsel does not apply. In exercising the power thus delegated, the city council might adopt any method of taxation which the Legislature might have adopted, and as it has

been expressly decided that the Legislature might impose a tax upon incomes, it follows that the defendant, through its council,might, as it in fact did, impose a tax on the income of defendant, the gross receipts being in effect the gross income. It is argued that the tax complained of is illegal, because under the ordinance express companies are taxed in a different manner from merchants. We do not perceive the force of the reasoning. The city council in exercising the power to tax the various classes of pursuits mentioned in the ordinance, could not well apply the same rule to all of them, nor do we think it was the purpose of the Legislature to require them to do so. If, however, the defendant in its ordinance, had provided one mode of taxing one express company, and another and different mode for another company engaged in the same business, such ordinance would have been open to the objection urged as destroying equality and uniformity. A provision in the constitution of Louisiana declaring that all taxation "shall be equal and uniform throughout the State," even if it extends to municipal taxation, is not violated by a legislative provision authorizing the taxation by municipalities of callings, trades and professions, exercised within their limits; and taxation of this kind is equal and uniform, if all persons engaged in the same business are taxed alike. 2 Dill. Mu. Cor. § 593.

But, it is said that, as the business of plaintiff consisted in receiving packages to be transported from St. 

**3. STATE TAXATION ON RECEIPTS OF EXPRESS COMPANIES, no infringement on power of congress to regulate commerce.** Joseph to other points outside of the state, to which plaintiff's line did not extend, the tax upon the gross receipts of plaintiff was violative of that provision of the constitution of the United States confiding to Congress alone the power to regulate commerce with foreign nations and among the several states. In the case of *Erie Railroad Company v. Pennsylvania*, 15 Wall. 284, it was expressly held that a statute of a state imposing a tax upon the gross receipts of railroad companies is not repugnant to

the constitution, though the gross receipts are made up in part from freights received for transportation from that state to another state; that such a tax is neither a regulation of inter-state commerce, nor a tax on imports nor exports, nor upon inter-state transportation.

It is also argued that the tax was illegal, because the gross receipts upon which it was paid were not received 4. MUNICIPAL TAX ON EXPRESS COMPANIES; estoppel. by plaintiff " as a compensation for the transaction of such express business in the city of St. Joseph." This objection is based on the evidence of one Worden, who was the general agent of plaintiff, who testified that he could not certainly distinguish how much was paid to other companies, but did not believe that the net earnings of the plaintiff for the year 1872 exceeded fifteen per cent. of the gross amount, and that out of this latter amount received for the year 1872, a part was paid out to other express companies, *pro rata*, for carrying freight, a part for the hire of hands and in other general expenses in running their business, and in feeding and taking care of its stock. This witness also testifies that he made the quarterly report for the company on the 1st of January, 1873. Now, according to this report made by the plaintiff, the gross receipts amounted to the sum of $11,548.70 for the year 1872, and the tax was collected on the data furnished by plaintiff, and it matters not that the witness testified that the net earnings amounted only to fifteen per cent. of the gross earnings, the balance being consumed in expenses, etc. It was the gross earnings which was the subject of the tax, and they were received as compensation for the transaction of express business, although a considerable part thereof may have been consumed in expenses incurred in conducting it. If even in strictness, the amounts paid to other companies *pro rata*, for transportation out of the state, should have been deducted from the gross receipts of plaintiff, it should have been done by the company when required under oath to

make a statement on the first day of January, as to the gross receipts for the business of the previous year.

Under the views above expressed, it is wholly immaterial whether the payment of the tax sought to be recovered back was voluntary or involuntary. Assuming the payment to have been made involuntarily, still the plaintiff could not recover unless the tax was illegal and unauthorized, and, as we perceive no illegality in the tax, either for want of power in the city council to impose it, or in the manner in which it was imposed, the judgment will be affirmed, with the concurrence of the other judges.

AFFIRMED.