THE CITY OF ST. LOUIS v. SPIEGEL, *Appellant.*

| 75 | 145 |
| 130 | 619 |
| 75 | 145 |
| 136 | 479 |
| 75 | 145 |
| 151 | 134 |
| 75 | 145 |
| 162 | 70 |
| 75 | 145 |
| 170 | 109 |
| e170 | 112 |

**Meat-shop License:** UNIFORMITY OF TAXATION. A license fee imposed upon the keepers of meat-shops is a tax, and must be uniform within the territorial limits of the authority imposing it. Const. 1875, art. 10, § 3. A city ordinance, therefore, which requires a license fee of $100 in one part of the city and $25 in the rest, is void.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Jas. C. McGinnis* for appellant.

*L. Bell* for respondent.

SHERWOOD, C. J.—The defendant, convicted in the police court for violating ordinance No. 10,384, known as the meat-shop ordinance, was successful, on appeal to the court of criminal correction, in his motion to dismiss, on the ground that the ordinance was in conflict with that section of the constitution of the State which provides that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." § 3, art. 10, Const. The point upon which this case hinges, is, therefore, this: Is the fee which the ordinance imposes, as a prerequisite to obtaining a license, a tax? If it is, then the ordinance cannot stand against the prohibition of the constitution.

This constitutional provision is a new one, and has

never been passed upon by this court. And it is evidently intended to apply to matters other than those embraced in the next succeeding section of the same article, where it is provided that: "All property subject to taxation shall be taxed in proportion to its value." § 4. This last section, which was obtained from the constitution of 1865, (art. 1, § 30,) plainly applies to a *property tax*; to cases where there is specific and tangible property, capable of valuation, and, consequently, of being taxed in proportion thereto. Not so, however, with the section under consideration. If that section relates to the uniformity of taxation to be levied directly upon *property*, then it is obvious that either that section or section 4, *supra*, is superfluous. We do not regard either section in that light. But while section 3 does not apply to a tax on property, it gives recognition to the same idea of equality and uniformity, by preventing *discrimination* between objects belonging to the " same class of subjects within the territorial limits of the authority levying the tax."

Is, then, the license fee a tax within the meaning of the 3rd section, *supra?* And does the ordinance which authorizes its collection discriminate in favor of some subjects and against others of the same class? That the license fee is a tax when imposed for the main purpose of revenue, is established by abundant authority. Dillon Munic. Corp., § 768; *Ward v. Maryland,* 12 Wall. 418; Cooley's Const. Lim., pp. 201, 494; *North Hudson v. Hoboken,* 41 N. J. L. 71; *Glasgow v. Rowse,* 43 Mo. 479; Cooley on Taxation, 403, *et seq.*; and it is competent for the courts to make examination and see if, under a mere power to *license,* the power of taxation for revenue is exercised. *Burlington v. Ins. Co.,* 31 Iowa 102; *Muhlenbrinck v. Commissioners,* 42 N. J. L. 364; *s. c.,* 36 Am. Rep. 518. In this case it is apparent at first blush that the license fee is imposed for the purpose of revenue. That such fee is also imposed for the purpose of *regulation* does not deprive it of the salient characteristics of a tax.

Regarding the license fee as a tax, does the ordinance which authorizes the collection of such fee conform to the constitutional provision contained in section 3, above quoted? Manifestly, it does not. Manifestly, it *discriminates* in favor of meat shops in one portion of the city, and against others in another portion thereof; imposing in the first instance a tax of $25, and in the second a tax of $100. The case of *American Union Ex. Co. v. St. Joseph*, 66 Mo. 675, and that of the *City of St. Louis v. Sternberg*, 69 Mo. 289, although treating of that provision of the constitution of 1865 corresponding with section 4, *supra*, yet distinctly recognized the principle that taxation even upon occupations and professions, trades and callings should be uniform; *i. e.*, that all persons engaged in the same business should be taxed alike. In the case of the *City of St. Louis v. Green*, 70 Mo. 562, we held valid an ordinance which imposed a license tax on vehicles using the streets of that city; but the ordinance then before us for consideration contained nothing looking in the remotest degree to a *discrimination* between the amounts of taxation imposed upon the "*same class of subjects;*" and therein consists the broad difference between the ordinance in *Green's case* and the ordinance in question.

For these reasons we reverse the judgment of the court of appeals and affirm that of the court of criminal correction. All concur.