THE CITY OF ST. LOUIS v. BOWLER, *Appellant.*

1. **St. Louis City Charter** : CONSTRUCTION : RULE, EJUSDEM GENERIS. The charter of the city of St. Louis authorizes the mayor and assembly "to license, tax, and regulate  *  *  *  agents  *  *  *  real-estate agents and brokers, financial agents and brokers  *  *  *  mercantile agents  *  *  *  insurance agents  *  *  *  and all other business, trades, avocations, or professions whatever ;  *  *  *  to license, tax, regulate, or suppress all occupations, professions, and trades not heretofore enumerated, of whatever name and character." *Held,* that the rule, *ejusdem generis,* did not apply to the provisions of the charter, and that an ordinance imposing a license tax of twenty-five dollars on any one acting as agent, solicitor, or canvasser of sewing machines was authorized by the charter.

2. ———— : CONSTITUTION. All sewing-machine agents being taxed alike the ordinance is not repugnant to section 3, article 10, of the state constitution, requiring that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax."

3. ———— : ————. Nor is said ordinance repugnant to the provision of the fourteenth amendment of the federal constitution guaranteeing to all the equal protection of the laws.

*Appeal from St. Louis Court of Criminal Correction.—*
HON. E. A. NOONAN, Judge.

AFFIRMED.

*Taylor & Pollard* for appellant.

(1) The mayor and assembly had no power to pass the part of the city ordinance under which the appellant is prosecuted. The city charter does not enumerate any such class as sewing-machine agents, and when the mayor and assembly undertook to make any such subclass they overstepped their powers. *City v. Laughlin,* 49 Mo. 559. (2) The ordinance is repugnant to section

3, article 10, of the constitution. *St. Louis v. Spiegel*, 75 Mo. 145. (3) If the ordinance in question is within the limits of the charter it is still illegal and unconstitutional. Because the occupation of the petitioner being that of a solicitor for the sale of goods and merchandise, the license required to be paid by him is, in effect, a tax upon the goods he sells. *Walton v. State*, 91 U. S. 278. (4) The ordinance, instead of requiring all agents, solicitors, and canvassers for the sale of goods and merchandise to obtain licenses, as it ought, to be valid, singles out a particular one and those handling only goods, the manufactures of a foreign state, and requiring that they shall pay license, while others are required to pay none. This is in conflict with the fourteenth amendment to the constitution, for it imposes a burden on these particular agents, not cast upon all other agents engaged in the sale of goods and merchandise.

*Leverett Bell* for respondent.

(1) The language of the charter is ample to support the ordinance provision. *St. Louis v. Herthel*, 88 Mo. 128. (2) The ordinance does not violate the principle of uniformity in taxation specified in section 3, of article 10 of the state constitution, for it does not impose a tax on other agents in St. Louis, such as book agents, washing-machine agents, etc. The rule adopted by this court with reference to this matter is, that an ordinance taxing all persons in the same business alike, answers the constitutional requirement of uniformity in taxation. *Express Co. v. St. Joseph*, 66 Mo. 675 ; *St. Louis v. Sternberg*, 69 Mo. 289 ; *St. Louis v. Spiegel*, 75 Mo. 145. The city of St. Louis has power under its charter to impose a license tax on all agents. The habits and methods of business in the city have established well-defined classifications of agents. A sewing-machine

agent differs from a book agent, as a store for the sale of sewing machines differs from a book-store. It does not follow because the sewing-machine agent is required to take out a license and pay tax thereon, that the same requirement must be applied to the book agent. It is competent for the municipal assembly to do what has been done here, namely, select one class of agents and require members of that class to be licensed, leaving another class of agents untouched. (3) The appellant contends that the ordinance is in conflict with the fourteenth amendment of the constitution of the United States, but this objection is, it is conceived, answered by what is said under the preceding head.

SHERWOOD, J.—The charter of the city of St. Louis authorizes the mayor and assembly: "To license, tax, and regulate   *   *   *   agents   *   *   * real-estate agents and brokers, financial agents and brokers   *   *   *   mercantile agents   * *   *   insurance agents   *   *   *   and all other business, trades, avocations, or professions whatever   *   *   *   to license, tax, regulate, or suppress all occupations, professions, and trades not heretofore enumerated, of whatever name and character." Under the provisions of ordinance 12,473, a license tax of twenty-five dollars is required of any one acting as agent, solicitor, or canvasser for sewing machines. Section 2, of article 20, of chapter 37, of the Revised Ordinances, makes it a misdemeanor to fail to take out a license as aforesaid. The defendant thus failing was convicted in the district police court, and in the court of criminal correction, and appeals to this court.

I. If the charter of the city authorized the passage of ordinance 12,473, the validity of a subsequent ordinance to punish violations of the former one follows as a matter of course. The charter in this case differs very

widely from the charter passed upon in *City of St. Louis v. Laughlin*, 49 Mo. 559 ; for there, the charter then under consideration was not near so broad in its grant of powers as is the present charter, and it was determined in that case that the profession of law was not *ejusdem generis* with any of the trades and avocations in the then existing charter, to-wit : "Auctioneers, grocers, merchants, retailers, photographers, artists, agents, porters, runners, drummers," etc. And that section of the charter concludes with the words, "and in all other business, trades, avocations, and professions whatever." In the present instance it will be observed that the concluding words are, "all occupations, professions, and trades *not heretofore enumerated, of whatever name or character.*" This language is so very comprehensive that no necessity exists to invoke the rule of *ejusdem generis* in the case at bar, if the language employed in the concluding words is to have accorded to it its usual signification. But the very terms of the charter authorize the licensing of "*agents,*" and the defendant's calling falls within the ordinary meaning of that term, if, indeed, it may not properly be included in the term, "mercantile agents," *i. e.*, those engaged in the sale of commodities.

In *City v. Herthel*, 88 Mo. 128, this court went further than we are called upon to go in this case, and an ordinance, under the same charter, was held valid which required architects to be licensed, and that term was held, for the purposes of construction, as *ejusdem generis* with lawyers, doctors, dentists, and artists. In the case before us, it will be noticed that the term, "agents," is employed as a descriptive word, a word of designation, and embraces *all* agents. This case does not, therefore, really present the feature where general words follow prior particular words, and if it did, the closing words of the section show that it was clearly intended by the charter to confer authority upon the

city as broad as the closing words of the section already quoted. And no doubt this was done to obviate difficulties which had been encountered in legislating under former charters. The ordinances in question, so far as concerns the grounds already considered, must, therefore, be held valid.

II. Ordinance 12,473 is not repugnant to the provisions of section 3, article 10, of our state constitution. That section provides that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." In *City of St. Louis v. Spiegel*, 75 Mo. 145, it was ruled that the price charged for a meat-shop license was a tax, and that, therefore, an ordinance was invalid which authorized the imposition of a tax in some parts of the city of one hundred dollars for such a license, while imposing a tax for the same purpose, in another part of the city, of only twenty-five dollars, on the ground that the ordinance in that case made a discrimination between the amounts of taxation imposed upon the "*same class of subjects*." Here there is no such discrimination; all sewing-machine agents are taxed alike, and this meets the constitutional requirement. *City of St. Louis v. Spiegel, supra; Glasgow v. Rowse*, 43 Mo. 479 ; *American Union Express Co. v. St. Joseph*, 66 Mo. 675 ; *City of St. Louis v. Sternberg*, 69 Mo. 289 ; 2 Dill. Mun. Corp. [3 Ed.] sec. 750. That other agents, agents engaged in other classes of business, are not taxed by the city, does not affect the constitutional principle controlling this case. The only prohibition of the section being discussed is that which forbids inequality, favoritism, to be exercised in imposing taxes upon the "*same class of subjects.*" So long as this is not done, the constitution is not infringed, nor the rules of uniformity and equality violated. Cooley on Tax. [2 Ed.] 170, 171, and notes.

III. But it is insisted that the ordinance violates

section 1, of the fourteenth amendment of the federal constitution, by denying the equal protection of the laws to sewing-machine agents, in that it singles out such agents, and imposes a tax upon them not imposed upon other agents. The same observations made in the preceding paragraph of this opinion apply here. No one is denied the equal protection of the laws, upon whose occupation or upon whose property no greater burden is imposed than is imposed upon the same occupation or the same kind of property by the authority levying the tax. This principle is distinctly recognized in the *Railroad Tax cases*, 13 Fed. Rep. 733, and cas. cit. If, in this case, the ordinance in question had attempted anything in the way of artificial or arbitrary classification, classification in semblance but not in reality, classification which amounted to invidious discriminations against persons really belonging to the same class, as in *Spiegel's case, supra*, then the complaint of the defendant, that he had been denied the equal protection of the laws, would have had a better foundation than it has at present.

We affirm the judgment. All concur, except Ray, J., absent. Norton, C. J., concurs in the result.