CITY OF ST. LOUIS, Respondent, v. JOHN ROBINSON, Appellant.

St. Louis Court of Appeals, November 21, 1893.

Appellate Jurisdiction: ACTION BY CITY OF ST. LOUIS FOR ENFORCEMENT OF MUNICIPAL ORDINANCE. The supreme court has exclusive appellate jurisdiction of every cause wherein a political subdivision of the state is a substantial party, and, therefore, of an action by the city of St. Louis to recover a penalty or fine for the violation of one of its ordinances.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. J. R. CLAIBORNE, Judge.

TRANSFERRED TO THE SUPREME COURT.

BIGGS, J.—Under the constitutional amendment, establishing and limiting the appellate jurisdiction of this court, the supreme court has exclusive appellate jurisdiction of any cause wherein a political subdivision of the state is a party. The city of St. Louis is a political subdivision of the state, and, as it is the substantial party in the present action, we think that the appeal was improvidently taken to this court. *City of St. Louis v. Bowler*, 94 Mo. 630; *Freeman v. St. Louis Quarry Co.*, 30 Mo. App. 362; *Harman v. City of St. Louis*, *ante*, p. 175. The case of *City of St. Louis v. Bowler*, *supra*, like the present case, was a suit to recover the penalty or fine for the alleged violation of a city ordinance. It was transferred by this court under a general order as required by the last constitutional amendment defining and regulating the jurisdiction of this court. An order will, therefore, be entered transferring this cause to the supreme court, and that the clerk of this court transmit the record with a copy of this order of transfer to the clerk of that court. All the judges concur.