Steffen v. The City of St. Louis.

STEFFEN v. THE CITY OF ST. LOUIS, *Appellant.*

Division Two, June 16, 1896.

1. **Constitution**: SUPREME COURT JURISDICTION: ST. LOUIS CITY.   Under Constitution of 1875, article 6, section 12, and the subsequent amendment of 1884, the supreme court has jurisdiction, by direct appeal, of an action in which the city of St. Louis is a party.

2. **Practice**: REFEREE: FINDING OF FACTS.   The referee's finding of facts in an action at law, has the effect of a special verdict, and when there is substantial evidence to support it, such finding is conclusive on appeal as to the facts.

3. ———: ———: CONCLUSIONS OF LAW.   The referee's conclusions of law, however, if erroneous, may be set aside and the law properly applied to the facts.

4. **St. Louis City**: CHARTER: STREET IMPROVEMENT: RECOVERY ON CONTRACT.   The city of St. Louis was empowered under its charter and ordinances to contract for the construction and repair of streets; a contract was duly entered into, but the city afterward stopped the work, and by its own act prevented the issuance of special tax bills. *Held*, that the city was liable on its contract for the work sued for, and which was done by the order of the street commissioner.

5. ——: ——: ——: ——. The contract having provided that certain material furnished by plaintiff, the contractor, should be free from dust, he is entitled to recover for sifting the same, where it appeared that he did so under orders from the city, in order that it might make certain experiments.

*Appeal from St. Louis City Circuit Court.*—Hon. L. B. Valliant, Judge.

Affirmed.

*W. C. Marshall* for appellant.

(1) The referee and circuit court erred in holding that the plaintiff is entitled to recover any amount whatever from the city of St. Louis, under his petition, and the evidence in the case. Persons dealing with municipal officers must ascertain, at their peril, that such public agents are acting strictly within the sphere, limited and prescribed by law, or the city will not be liable. *Cheeney v. Brookfield*, 60 Mo. 53; *Mister v. Kansas City*, 18 Mo. App. 217. (2) Powers must be exercised by the municipal officers, and in the manner provided by the organic law, or the city will not be liable. *Thompson v. Booneville*, 61 Mo. 282; *St. Louis v. Clemens*, 52 Mo. 133. (3) A city is not liable for work ordered by a supervisor, where the contract does not provide for such work. *Leathers v. Springfield*, 65 Mo. 504; *Louisiana v. Miller*, 66 Mo. 467. (4) Officers of a city have such powers, and only such, as are conferred on them by the charter. Their authority is to do certain things, under certain conditions and in a certain manner; and they can act only in that manner, and in the presence of such conditions. *Forry v. Ridge*, 56 Mo. App. 615. (5) Where officers have not the power to make a contract in the beginning, they are powerless afterward to ratify any contract not entered into according to the organic law. 1 Dillon, Mun. Corp., sec. 495; *Maupin*

*v. Franklin County*, 67 Mo. 330; *Johnson v. School District*, 67 Mo. 319; *McKissock v. Mt. Pleasant Township*, 48 Mo. App. 416. (6) Contracts entered into, or acts done by a municipal officer without express authority of the organic law, are not binding on the city, and can not be afterward ratified. *Perkinson v. St. Louis*, 4 Mo. App. 322; *Carroll v. St. Louis*, 4 Mo. App. 191; *Thrush v. Cameron*, 21 Mo. App. 394; *Saxton v. St. Joseph*, 60 Mo. 153; *Keating v. City of Kansas*, 84 Mo. 415. (7) The referee and circuit court erred in holding that plaintiff was entitled to recover for items 1, 2, and 3. (8) The referee and circuit court erred in holding that the plaintiff was entitled to recover for items 5, 6, 8, 9, 10, 11, 12, and 13. (9) The referee and circuit court erred in holding that the plaintiff is entitled to recover for items 4, 7, and 15. (10) The referee and circuit court erred in holding that plaintiff is entitled to recover for item 14. This item is for sifting granite. Plaintiff claims it was done to try an experiment. The street commissioner denies this. Mr. Knapp, the inspector, says it was because the granite contained dust and dirt. The referee finds that the plaintiff is mistaken in supposing that it was done to try an experiment.

*Alex. Young* and *C. H. Krum* for respondent.

(1) This is an action at law, and the finding of the referee is conclusive on the facts. (2) This is a case where the contract made was entered into by the board of public improvements by the authority of the charter, and an ordinance passed in conformity with the charter. It is a contract whose enforcement, as far as the city is concerned, depended upon the street commissioner. It was his duty to see to the enforcement of the contract. The work, by the terms of the charter and of the contract, was exclusively within his own charge.

No other official of the city was authorized to interfere with him in the course of the construction of the work, unless the board of public improvements, for want of means or some other substantial cause, directed a suspension of the work upon the notice required by the charter. Where a contract is made by a municipal assembly by authority of an ordinance passed in conformity with its charter, the obligations of the corporation do not differ in any essential respect from the obligations of an individual who has simply contracted with some other individual. The authority existing for the contract, and the contract having been made in conformity with that authority, the city acts through its agents, who are its officers, and is responsible for their misconduct, just as fully, just as clearly, and to the same extent as would be an individual under the same circumstances.

GANTT, P. J.—This is an action against the city of St. Louis on a contract for the construction and reconstruction of sidewalks within a designated district.

The contract was entered into July 22, 1890, under ordinance number 15109, approved July 3, 1889, by and between plaintiff Steffen on the one hand and the city on the other by the president of the board of public works, and countersigned by the comptroller. By the contract plaintiff obligated himself to do the work of constructing sidewalks with artificial stone flagging, and repairing sidewalks with brick within the district bounded north by Franklin avenue, south by Clark avenue, west by Twelfth street, and east by Third street for a term ending July 1, 1891. This contract was made in pursuance of a public letting by the board of public improvements and required plaintiff to do said work "*whenever and wherever directed by the street commissioner.*" The contract was made in conformity to

article 6, section 15, of the scheme and charter of St. Louis.

An itemized account accompanied the petition showing the details of the work done.

The answer was as follows: "Now comes said defendant and for answer to plaintiff's petition, admits that it entered into an agreement set out in plaintiff's petition, on, to wit, the twenty-second day of July, 1890. Further answering defendant denies each and every other allegation in plaintiff's petition contained. For further answer and defense this defendant says that it was provided by the seventh section of the general stipulations of said contract that this defendant should have the right, on ten days' notice, to suspend or stop the work contemplated by said contract without cost to or claim against the city of St. Louis. That pursuant to said power the board of public improvements of the city of St. Louis, with the approval of the mayor, did order the plaintiff to stop work under said contract, but that the said plaintiff was paid, in full, for all work and labor done and materials furnished up to the time of the stopping of said work."

To this answer respondent filed a reply by way of general denial.

The cause was referred and the referee in due time made his report and recommended a judgment for plaintiff for $2,362.92, with interest at six per cent. from the commencement of this suit.

The defendant moved to set aside the referee's report but its exceptions were overruled and judgment rendered as recommended by the referee.

The facts will be best noted in the further consideration of the errors assigned by the city counselor.

I.   Jurisdiction of this court to determine this appeal is conferred by that provision of the constitution which originally provided for an appeal to this court

from the St. Louis court of appeals in cases where a county or *other political subdivision of the state is a party* to an action (art. 6, sec. 12, Constitution of Missouri, 1875), and the subsequent amendment adopted in 1884 whereby such appeals were made reviewable by direct appeal to this court.   Sec. 5, of Constitutional Amendment of 1884, Laws, 1883, p. 215;   *St. Louis v. Robinson*, 55 Mo. App. 256; *Kansas City v. Neal*, 122 Mo. 232; *Northcutt v. Eager*, 132 Mo. 265.

II.   The action is at law and the referee's finding of facts has the effect of a special verdict, and when there is substantial evidence to support it, it is conclusive as to the facts, but his conclusions of law, if erroneous, may be set aside and the law properly applied to the facts found by either the trial or appellate court. *Wiggins Ferry Co. v. Railroad*, 73 Mo. 389; *Gamble v. Gibson*, 83 Mo. 290; *Lingenfelder v. Brewing Co.*, 103 Mo. 578.

We proceed then to examine the errors of law assigned by defendant.

Grouping the items according to the plan employed by the referee in his report, the first group for consideration is composed of items 5, 6, 8, 9, 10, 11, 12, and 13, amounting to $195.42.   The referee found that the separate bills presented by the respondent for these items were all approved by the street commissioner.   It is now insisted by the city counselor that the referee erred in allowing these items because the street commissioner had no authority to order this work done; that parties dealing with city officials act at their peril.

The charter and ordinances constitute the power of attorney of the street commissioner.   By section 15, article 6, of the scheme and charter the board of public improvements, through the proper officer thereof, is

empowered to let and enter into contracts annually on the first day of July of every year for the grading, constructing, reconstructing, and repairing streets, alleys, and gutters, paving, and such other similar work which may be ordered by ordinance or may become necessary to be done during the year. By section 35, article 4, of the charter, "the street commissioner shall have under his special charge the construction, reconstruction, repairing, and clearing of the public streets, alleys, and places, excepting parks."

It was stipulated by the respondent in his contract with the city that he would construct sidewalks "whenever and wherever directed by the street commissioner within the designated district covered by the contract," and by subdivision 4, of the contract, "extra work" is provided for with the stipulation that the prices therefor shall be approved by the street commissioner.

The referee found the work was performed in obedience to orders from the street commissioner and each item approved by that officer.

The argument of the city counselor is, that while the board of public improvements is authorized by the charter to provide for repairing of sidewalks by public letting, these walks must be paid for by special tax bills against the owners of the adjoining property.

Let this be conceded, the power is vested in the city to require and compel the repairing of sidewalks. Her board of public improvements is the body created to secure the performance of this work and make contracts therefor. This was done as admitted by the pleadings. That board made this contract by which this plaintiff was bound to do this repairing at prices specified "whenever and wherever required by the street commissioner." It is conceded the street commissioner directed this work, and that in obedience to the contract and the orders of the street commissioner

plaintiff, in good faith, did this work and his bills were approved by the commissioner.

Under these circumstances we can not see that there is any want of corporate power to contract, or that the street commissioner exceeded his authority in directing these particular repairs. He is a charter officer. Every presumption must be indulged that they were proper and necessary. He has so certified.

No special tax bills have been issued to plaintiff because after he had entered upon the performance of his contract and proceeded so far, he was, without any just cause, prohibited from completing the whole sidewalk, and it is now urged by the city, whose chosen official stopped this work, that the contractor can not recover because he obeyed the officer who had the superintendence of the street. We hold this plea to be unconscionable under the circumstances. Plaintiff seeks to recover only for the work done under the orders of the superintendent and for the amounts allowed by that officer. The city having by its own act prevented the issuing of a special tax bill, must respond upon its own contract.

III. What has already been said applies with equal force to the group of items numbered 1, 2, and 3. As to these, the city counselor says: "These are all charges against the city for work properly begun under a proper notice and stopped before the completion by authority other than the board of public improvements with the approval of the mayor, and, as already herein shown, the city can not be made liable therefor whether the work was stopped by any other person, it matters not who."

In this connection it is well to keep in view that no such defense as is here made is contained in the defendant's answer. In its answer the city relied upon the seventh section of the contract which gave it the right to stop the work "for want of means or other

substantial cause." This provision is also to be found in the charter. The referee found there was no substantial cause for stopping the work.

If the argument of the city counselor is to prevail the plaintiff occupied a peculiar position. By his contract he had agreed that all persons employed on the work under his contract should obey the instructions of the street commissioner, and yet when he obeyed this order he must forfeit all compensation for the work done under his contract in good faith. We know of no principle of law which would permit the city to thus violate its contracts and escape liability therefor, and the exception to these items is overruled.

IV.   Group third, composed of items 4, 7, and 15, falls within the principle of the group considered in the last preceding paragraph and the exceptions, for the same reason, must be overruled.

V.   It remains to consider the fourteenth item of the exhibit. This item is for labor in sifting crushed granite used in executing several of the orders of the street commissioner.

This sifting was done on the order of the street commissioner, who had been informed by one of the inspectors of the work that the granite contained dust or dirt. Plaintiff, however, did not understand this was the reason for the sifting. He testified that the city officials desired to try an experiment and so had the granite sifted so as to exclude the finest part of granite. The contract provided that the crushed granite should consist of irregular shape edged pieces so broken that each piece will pass through a three fourths of an inch ring in all its diameters and should be free from dirt and dust.

The contract gave the street commissioner ample powers to decide all questions relative to the execution of the contract. He was authorized to require the

material to be of the standard called for in the contract, and had he himself determined there was dust or dirt in the gravel being used, he could have required plaintiff to clean it at his own expense, but this was not done. The street commissioner could not require plaintiff to do this extra work at his own expense merely to test what size granite made the best walk, nor can we say as a matter of law that it was not competent for the city to try the experiment, and under the plenary powers conferred that the street commissioner could not order it and bind the city.

. The referee finds the granite did not contain dust or dirt; that the plaintiff did do this screening, as he understood, to enable the city to make the test and there was no reason for this sifting but the order of the commissioner. We find no error in the finding of the referee.

Upon the whole case we find no error in the principles of law adopted by the referee and circuit court in ascertaining the liability of the city, and as there was substantial evidence upon which to base the referee's finding, the judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.