BARBER ASPHALT PAVING COMPANY, *Appellant*, v. HEZEL.

In Banc, March 16, 1897.

**Appellate Practice:** TAX BILLS: JURISDICTION. The Supreme Court is not the proper appellate court from a proceeding in the circuit court. adjudging a tax bill for $217.50 for street improvements to be invalid, and that the tax bill was a cloud on the title to the real estate in said suit described, and decreeing that such cloud be removed. Such proceeding and judgment does not involve title to real estate within the meaning of the Constitution.

*On Motion to Dismiss Appeal.*

CAUSE CERTIFIED TO COURT OF APPEALS.

*Hiram J. Grover* for the motion.

*Adiel Sherwood* in opposition to the motion.

(1) In the answer it is alleged that the tax bill, being of record in the city of St. Louis, is a cloud upon the title of defendant's real estate, and asks, among other things, that such cloud be dispelled. The trial court found, as a fact, that the tax bill was a cloud on defendant's title and removed that cloud. The question, therefore, for the determination of the court is whether or not title to real estate is "involved" in this proceeding, within the meaning of section 12, article 6, of the Constitution. *Verdin. v. City of St. Louis*, 131 Mo. 26; *Hanna v. South St. Joseph Land Co.*, 126 Mo. 1; *Keane v. Kyne*, 66 Mo. 216; *Dunn v. Miller*, 96 Mo. 324; *Nearen v. Bakewell*, 40 Mo. App. 625, affirmed

in this court in 110 Mo. 645; *Gardner v. Terry*, 99 Mo. 523. (2) The tax bill in this case occupies exactly the same position with reference to title as the mortgage or deed of trust in the *Hanna* case, *supra*. *Gray v. Worst*, 129 Mo. 122. (3) Had the judgment in this case been rendered without a contest upon the part of defendants and a sale made and the plaintiff at such sale purchased the real estate and received a sheriff's deed, no question could have been urged that title to real estate was not involved. (4) The judgment of the lower court removing the cloud from the real estate is its conclusion of a proceeding in the nature of a suit to quiet title. *Northcutt v. Eager*, 132 Mo. 265; *Brown v. Turner*, 113 Mo. 27; *Overton v. Overton*, 131 Mo. 559; *McAnnan v. Mathias*, 121 Mo. 142.

GANTT, J.—An appeal has been lodged in this court from a judgment of the circuit court of the city of St. Louis, adjudging a certain tax bill for street improvement for $217.50, sued on and described in plaintiff's petition, in said court, to be invalid and of no effect, and that the said tax bill was a cloud upon the title of defendant to the real estate in said suit described, and decreeing that said cloud be removed and that defendants have and recover their costs.

The defendant in said suit now moves this court to dismiss said appeal on the grounds that

*First.* This court has no jurisdiction of this appeal, and has no jurisdiction to hear the matters and things brought before this court by the transcript or appeal filed herein.

*Second.* The amount involved in the appeal filed herein is only $217.50.

*Third.* The judgment appealed from is for a sum less than $2,500.

*Fourth.* The plaintiff below sued upon a tax bill for $217.50 and sought to obtain a judgment therefor with a lien upon the property described in plaintiff's petition, and the judgment of the lower court appealed from was against the plaintiff and in favor of the defendant.

*Fifth.* The controversy between the appellants and the respondents does not involve the title to real estate.

It is apparent that this court has no jurisdiction of this appeal, unless upon the facts it can be held that the title to real estate is involved.

Exclusive appellate jurisdiction is conferred upon this court by the Constitution of this State to hear all appeals "in cases involving title to real estate." Constitution of Missouri, 1875, art. 6, sec. 12; sec. 5, of the Amendment to the Constitution, adopted at the general election November, 1884.

This clause "in cases involving title to real estate" has been often construed by this court and it has been uniformly held that suits for the enforcement of special tax bills, mechanics' liens and vendors' liens are not suits "involving the title to real estate." *State v. Court of Appeals,* 67 Mo. 199; *Corrigan v. Morris,* 97 Mo. 174; *Bobb v. Wolff et al.,* 105 Mo. 52; *Syenite Granite Co. v. Bobb et al.,* 97 Mo. 46; *Baier v. Berberich,* 77 Mo. 414; *Bailey v. Winn,* 101 Mo. 649.

The construction of this provision of the Constitution given in these cases is that before this court can assert its exclusive appellate jurisdiction in such cases the title to real estate must be involved in the suit itself, and be a matter about which there is a contest. It is not enough that the judgment when carried into execution will affect the title to the land. In general, suits to enforce special tax bills, to foreclose mortgages and to enforce mechanics' liens, proceed upon the

assumption that the defendant has title and his title is not drawn in question, the real contest in such cases being the validity and regularity of the tax proceedings or the mechanics' liens or the mortgage. So in this case an inspection of the transcript shows no question whatever was raised in the circuit court as to the validity of defendants' title to the real estate upon which plaintiff sought to fasten the lien of its special tax bill. The validity of the tax bill itself was the bone of contention, and it was held invalid, and that it constituted a cloud upon defendants' title.

The case falls clearly within the decisions of this court holding that such a suit does not involve the title to real estate.

The learned counsel for plaintiff in an ingenious and creditable argument urges that this court has assumed jurisdiction in other cases upon the ground that "a cloud upon title to real estate" *involved the title* thereto within the meaning of the Constitution. To sustain his contention he cites a number of cases as sustaining his position. He begins with the *Verdin* case, 131 Mo. 36. That was a suit in equity to cancel a void paving tax bill against the plaintiff's property if issued and to divest the apparent lien thereof, and if not issued to enjoin its issuance and delivery on the theory that it would be a cloud upon title. The tax bill did not exceed $400. This court obtained and asserted jurisdiction in that case, not on the ground that it involved the title to real estate, but upon another clause of the Constitution, to wit, because it was a case in which a political subdivision of the State, to wit, the city of St. Louis, was a party. *Steffen v. City of St. Louis*, 135 Mo. 44; *City of St. Louis v. Robinson*, 55 Mo. App. 256; *Kansas City v. Neal*, 122 Mo. 232; *Northcutt v. Eager*, 132 Mo. 265.

Again it is urged that *Hanna v. South St. Joseph*

*Land Company*, 126 Mo. 1, is authority for the position assumed by counsel that the title to real estate is involved. The object and purpose of the bill in that case was to rescind a contract to purchase land and to cancel a deed of trust, conveying the same land to secure notes given on that account. In that case it was held upon a review of *Keane v. Kyne*, 66 Mo. 216; *Dunn v. Miller*, 96 Mo. 324; *Nearen v. Bakewell*, 40 Mo. App. 625, and the same case, 110 Mo. 645, that where a muniment of title to real estate was directly assailed and sought to be canceled, this court has jurisdiction. The reasoning upon which this group of cases proceeds, is that a direct attempt to set aside or cancel a conveyance has the effect to that extent at least of taking the legal title thereby conveyed or transferred out of one party and vesting it in another, a proceeding wholly distinct from a suit as in the case at bar, which seeks merely to charge the admitted title of real estate with liens and demands which can only eventually affect the title thus admitted. A suit to set aside a forged deed directly assails the title claimed by such a spurious conveyance, and it is necessarily involved. In *Gray v. Worst*, 129 Mo. 122, the title of plaintiff was directly involved. Upon the validity of the title acquired under the trustee's sale depended his whole claim to the possession and crops sued for.

*Harness v. Cravens*, 126 Mo. 233, is another case of direct assault upon a muniment of title. It was a suit in equity to set aside a sheriff's deed to real estate and the setting aside of that deed necessarily divested the legal title out of defendant and clearly the title was involved in the suit.

Another class of cases is cited by the learned counsel in aid of his main proposition, and they are condemnation cases. It has been determined by this court that it had jurisdiction in such cases because a

proceeding which practically takes from an owner and vests in the condemning corporation the exclusive right to possession and use of his land materially affects his proprietary rights, and deprives him of one of the essential elements of a perfect title, to wit, the right of possession.

Those decisions stand upon firm ground, but they differ most radically in principle from a suit to enforce a tax bill. *Railroad v. Lewright,* 113 Mo. 663; *Musick v. Railroad,* 114 Mo. 311; *State ex rel. v. Rombauer, Judge,* 124 Mo. 598.

Our conclusion is that there is nothing to take this case out of the rule that actions to enforce special tax bills or to foreclose mortgages or mechanics' liens for sums less than $2,500 are not cognizable in this court by appeal unless jurisdiction attaches under a different clause than that invoked in this case. It follows that the appeal was improperly taken and certified to this court, and it is accordingly transferred to the St. Louis court of appeals. BARCLAY, C. J., and SHERWOOD, MACFARLANE, BURGESS, ROBINSON, and BRACE, JJ., concur.