CITY OF ST. JOSEPH, Respondent, v. WM. LUNG, Appellant.

Kansas City Court of Appeals, April 7, 1902.

Second-Class Cities: LICENSE: LAUNDRY. Second-class cities have the charter power to license and tax laundries.

Appeal from Buchanan Criminal Court.—*Hon. Benj. J. Casteel*, Judge.

AFFIRMED.

*James M. Wilson* for appellant.

(1) It is well understood that a municipal corporation can exercise only such powers of legislation as are given it by the lawmaking power of the State. 1 Dillon on Municipal Corporations (4 Ed.), sec. 89; Trenton v. Clayton, 50 Mo. App. 539; Ruggles v. Collier, 43 Mo. 375. (2) *Expressio unius est exclusio alterius.* St. Louis v. Laughlin, 49 Mo. 559; St. Joseph v. Porter, 29 Mo. App. 605, and cases there cited. (3) Of course the rule of *ejusdem generis* applies only where the words or terms specifically named are sufficiently akin to the words or terms attempted to be read into the act, to naturally include them.

*John S. Boyer* and *Kendall B. Randolph* for respondent.

(1) The appellant bases his whole argument and brief upon a number of decisions which have no application to the case at bar. (2) The charter provision of the city of St. Joseph, according to the decisions of our Supreme Court in case of City of St. Louis v. Bowler, 94 Mo. 630, means what it says and is sufficient to include laundries. The same point is also made in City v. Herthel, 88 Mo. 128.

ELLISON, J.—The defendant was arrested, tried and convicted for "being the keeper of a laundry without having a license from said city" of St. Joseph, contrary to ordinance in that behalf.

The point involved is the construction of the city's charter (subdiv. 17 of sec. 5508, R. S. 1899), it being defendant's contention that it did not authorize the ordinance requiring a license for the keeper of a laundry. The portion of the charter in question is as follows: To "License, tax and regulate undertakers, merchants, grocers (and a large number of other occupations, laundries not being one of them) and all other business, trades and avocations whatever. . . . To license, tax, regulate or suppress all occupations and trades *not*

*heretofore enumerated, of whatever name or character,* not herein excluded."

The case is directly controlled by St. Louis v. Boller, 94 Mo. 630, where the words of the last clause are held to be so comprehensive as to leave no room to invoke the rule of *ejusdem generis.* The suggestions in defendant's behalf have not impressed us as meritorious. He was properly convicted and the judgment is affirmed. All concur.