## GEORGE W. NEUMER, Appellant, v. JACKSON COUNTY.

### Division Two, July 16, 1917.

1. **FEE FOR DRAMSHOP LICENSE: Paid Under Protest: Recovery.** An essential prerequisite to the recovery of a fee or tax paid involuntarily and under protest to a municipal corporation, absent a statutory rule to the contrary, is that the tax or fee was illegal. If the petition does not allege that the money paid to the county for a dramshop license was an illegal fee which the county was without authority to collect, it does not state a cause of action for its recovery.

2. ————: ————: ————: **No City License.** A mere allegation in the petition to recover a fee paid to the county for a saloon license that plaintiff "was not granted a city license," without a statement of any fact which prevented him from procuring a city license, does not state a cause of action.

3. ————: **Rebate.** A dramshop keeper upon the surrender of his license is not entitled to a rebate for the unexpired portion of the license.

4. ————: **Recovery: Case Stated.** The plaintiff applied to the county court for a license to conduct a dramshop at a given point in a city located in the county, and was required to and did make a

deposit of one hundred dollars. At the same time he applied for a city license, without which he could not conduct his dramshop. Before his application for a city license was passed upon the county court granted his county and state license and demanded the statutory fee of $400. He protested against the payment of this fee until he had received his city license, but was confronted with the alternative of paying said fee immediately or losing the $100 which he had deposited. He paid the fee, but no city license was issued to him, and there is no allegation why one was not issued. *Held*, that his petition does not state a cause of action for the recovery of the statutory fee paid the county.

Appeal from Jackson Circuit Court.—*Hon. Frank C. Johnson*, Judge.

AFFIRMED.

*M. F. Ringolsky* for appellant.

(1) A license fee is not a tax but the price paid for a privilege. State v. Hudson, 78 Mo. 302. A tax is a charge made for revenue. ''Compulsory payment, in order to be made the basis of a right of action may consist of different classes or characters of compulsion. It may be such a payment as was made necessary by the law, or as may arise from a legal duty to make the payment, or it may be such compulsion as would arise from a failure to pay, which would subject the plaintiff legally to substantial loss. If a party in order to protect his interests and rights in property makes a payment, although not compelled by any legal force to make it, yet the failure to make it would result in the substantial loss of the rights and interests of the party to the property, this in legal contemplation would be nothing less than a compulsory payment." Interurban Con. Co. v. Hayes, 191 Mo. 248; Westlake v. St. Louis, 77 Mo. 47; Brewing Assn. v. St. Louis, 140 Mo. 419. Protest is a declaration of opinion against something.—Web. Dic. A payment of money under protest is an involuntary payment. It has been held that money paid for a dramshop license, if paid under protest, is recoverable. Catoir v. Watterson, 30 Ohio St. 319; Edinburg v. Hackney, 54 Ind. 83; State v. Buechler, 10 S. D. 156; Same case, 72 N. W. 114; Doo-

little v. Luzerne County, 6 Kulp (Pa.), 495; Princeton v. Vierling, 40 Ind. 340. Courts of other states have laid down the general doctrine "that taxes paid under protest are recoverable." Thomas .v. Burlington, 69 Iowa, 140; Winzer v. Burlington, 68 Iowa, 279. In Buggles v. Fon du Lac, 58 Wis. 436, the court held: "Payment under protest to an officer who has a warrant for collecting taxes and who threatens levy and sale of property, is not a voluntary payment." McQuire v. Saving Assn., 62 Mo. 343; Wolf v. Marshall, 52 Mo. 167. (2) The county of Jackson exacted $405.30 from the appellant which in good conscience and equity it should not retain. The undisputed facts on the face of the petition and the physical facts show that this appellant never opened a saloon and could not, and that the respondent knew that he could not commence selling intoxicating liquors until he had his city license. The respondent knew that appellant's money was wholly lost to him if he did not obtain the city license. That appellant is entitled to recover his money in this action is supported by the leading case which is the law of Missouri. Sharp v. Carthage, 48 Mo. App. 26. See also Supervisors v. Manny, 56 Ill. 160, and Allmans v. City of Oklahoma, 95 Pac. 468, 16 L. R. A. (N. S.) 511. The court will mark with distinction, that in all the cases cited and to be cited by respondent the licensee has opened his dramshop and obtained partial benefits and then asked for refund; while in the case at bar, appellant hadn't even opened his saloon because of the want of city license which this respondent knew was essential for the life of its state and county license given to appellant.

A. L. *Cooper* for respondent.

(1) The holder of an unused county and state dramshop license cannot recover the money he paid therefor because the city wherein the saloon was to be operated later refused to grant him a city license. Fitzgerald v. Witchard, 130 Ga. 552. The case of Sharp v. Carthage, 48 Mo. App. 26, does not support appellant's contention. On the contrary, both the majority and dissenting opin-

ions hold that where the dramshop keeper is prevented from operating his saloon through the act of some other agency than the defendant, no recovery can be had. (2) Payment under protest is only ground for recovery when a person has been wrongfully compelled to pay an illegal tax or license. Dillon, Municipal Corporations (5 Ed.), sec. 1617. But where (as here) the tax is legal and is collected under authority of law the fact that it was paid under protest affords no ground for relief. Express Co. v. St. Joseph, 66 Mo. 683. (3) The petition does not show that appellant was compelled to pay the fee for which he is now suing nor that the same was paid under protest. The allegations amount to no more than that the appellant paid $405.30 in order to keep the collector from applying his one hundred dollar deposit on account of the charge of the license granted to him.

WILLIAMS, J.—By this action, instituted in the circuit court of Jackson County, plaintiff seeks to recover from Jackson County the sum of $405.30, which he paid the county for a state and county dramshop license.

The defendant filed a demurrer to the petition alleging that the same did not state facts sufficient to constitute a cause of action. The demurrer was sustained. The plaintiff refused to plead further and elected to stand upon his petition. Thereupon the court entered judgment in favor of the defendant. The plaintiff duly appealed.

The petition, caption and signatures omitted, is as follows:

"Now comes the plaintiff and for first amended petition and cause of action against the defendant respectfully states:

"(1) That the plaintiff is a resident of the county of Jackson, State of Missouri, residing at Kansas City, and was a resident as aforesaid, at all times herein mentioned.

"(2) That the defendant, county of Jackson, is a public-quasi-corporation.

"(3)   Plaintiff further states that on or about the 14th day of June, 1909, he duly made application in writing to the defendant for county and state dramshop licenses to open and operate a saloon at the location of 43rd and Indiana Avenue at Kansas City, Jackson County, Missouri, and presented said application to the county court of Jackson County, Missouri, now sitting at Independence, Missouri, all of which is in Jackson County, aforesaid.   That the plaintiff complied with all the provisions of the Revised Statutes of the State of Missouri of 1899, as contained in chapter 22, article 1.   That at the time this plaintiff deposited the sum of $100 with the county collector, Fred C. Adams, to be applied as part payment for said licenses, said deposits being made at the special request and instance of defendant.

"(4)   Plaintiff further states that on or about the 15th day of June, 1909, this plaintiff made application to the city excise clerk addressed to the police commissioners of Kansas City, Missouri, for a city license and deposited the sum of $250 to be applied on said license if granted, for a dramshop to be operated at the same location as aforesaid above.

"(5)   Plaintiff further states that he notified the county of Jackson herein through its representatives and agents, that he had made application for a city license and said defendant knew that he could not open and operate a dramshop for the sale of liquors unless he had a city license.

"(6)   Plaintiff further states that on the 16th day of July Term, being July 22, 1909, Thursday, recorded in the county court Records, vol. 44, page 410, an order was made by the judges of the county court of Jackson County, Missouri, who were then duly elected and qualified to act for the county of Jackson herein, granting this plaintiff county and state licenses to open and operate a saloon at the corner of 43rd and Indiana Avenue, Jackson County, Missouri, at Kansas City.

"(7)   Plaintiff further states that he was at once notified by the representatives and agents of defendant

and by defendant itself, that the county and state licenses were granted and that he, plaintiff, should come and pay the balance in full which was due for said licenses in order that he could conduct his saloon. That plaintiff protested in paying the balance due on said licenses as he told the defendant and its representatives and agents that he had not secured his city license and could not open his saloon until he obtained it, and protested in paying any additional money until he was granted a city license.

"(8)  Plaintiff further states that defendant, by and through its representatives, agents and servants and acting for the defendant, informed plaintiff that he was compelled to pay the balance due for said county and state licenses, and if he refused, the defendant would seize and appropriate the $100 which was held by defendant, and this plaintiff knowing that he would suffer a substantial loss to his money then in the possession of defendant and this defendant knowing that plaintiff had not secured his city license, this defendant exacted under protest and by compulsion the license fee for the county and state dramshop licenses amounting in the sum of $405.30, which this plaintiff was compelled to pay to prevent the loss and confiscation of the $100 he had deposited with the defendant.

"(9)  Plaintiff further states that he was not granted a city license and the $250 deposited was returned to him and that the $100 deposited with defendant was returned, but the $405.30 was never returned to plaintiff which he paid defendant on the 3rd day of August, 1909.

"(10)  Plaintiff further states that he never did open and operate a saloon at the aforesaid address and this defendant knew that he didn't open and operate a saloon as aforesaid.

"(11)  Plaintiff further states that the defendant owes and is indebted to this plaintiff in the sum of $405.30 received by defendant, which in equity, justice and right, this defendant should return to this plaintiff, which this defendant has no legal right to retain. That

this plaintiff has demanded the return of this money repeatedly from the defendant, but this defendant refused and still refuses to return the same to plaintiff.

"(12)   Plaintiff further states that he attaches and makes a part of this petition checks dated June 14, 1909; one dated June 15, 1909; and one dated August 3, 1909, respectively for the sums of $100, $250 and $405.30. Also dramshop licenses, .county and state, as exhibits, marked "A," "B," "C," "D" and "E."

"(13)   Plaintiff further states that he is still the owner of said money aforesaid, and that he has not assigned or conveyed it to anyone.

"Wherefore plaintiff prays judgment against the defendant for the sum of $405.30, with interest at the rate of six per cent. per annum from the 3rd day of August, 1909, to the present time, in addition with costs of suit."

I. Upon a careful examination of the foregoing petition we have reached the conclusion that it does not state facts sufficient to constitute a cause of action and that, therefore, the courts' action in sustaining the demurrer thereto was proper.

**Return of Legal Fee Paid.** It is somewhat difficult, from appellant's brief, to ascertain the real theory upon which he seeks a recovery.

At one part of the brief it would appear that he seeks a recovery upon the theory that the money was paid under protest or duress. The facts alleged in the petition, however, do not call for an application of that theory.

In order to recover from a municipal corporation a tax or fee paid to it involuntarily and under protest, one of the essential prerequisites (among others), of the right of recovery, absent a statutory rule to the contrary, is, that it must appear that the tax or fee was illegal. [4 Dillon on Municipal Corporations (5 Ed.) sec. 1617; American Union Express Co. v. St. Joseph, 66 Mo. 675, l. c. 683.] The petition in the case at bar does not allege that the fee paid was one which was illegal

and which the county was without authority to collect. For ought that appears in the pleadings, the fee was a legal one and one which the county had a right to receive. It, therefore, follows that the petition failed to state a cause of action upon that theory.

. II. At another part of appellant's brief, it would appear that he seeks a recovery on the theory of the case of Sharp v. Carthage, 48 Mo. App. 26. In that case the plaintiff, on September 1, 1887, obtained from the city of Carthage a dramshop license for one year. At that time he had a county dramshop license which would expire on the following November 1st. When his county license expired on November 1st, he made application to the county for a new license, but the same was denied him for the reason that on September 2, 1887, the city of Carthage (the city wherein he desired to operate his dramshop) had adopted the Local Option Law. The Court of Appeals permitted a recovery from the city of Carthage for the amount represented by the unexpired portion of the license, on the theory that the city itself, by adopting the Local Option Law, had made it impossible for the plaintiff to use his license. Without here undertaking to pass upon the correctness of that ruling (merely because not necessary to a decision here), it, at once, becomes apparent that the present facts do not call for the application of that rule, this because, in the present case, it does not appear that any act of the county or its voters prevented the appellant from having the full use of the license granted him. In fact the petition does not allege any fact which prevented the appellant from procuring a city license. It merely states that appellant "was not granted a city license." It therefore follows that the petition does not state a cause of action even upon this theory.

III. The only other theory which might be urged as a basis of recovery is that a dramshop licensee upon the surrender of his license is entitled to a rebate for the unexpired portion of the license.

*No City License.*

*Rebate.*

It would appear, however, that the great weight of authority is to the effect that a recovery can not be had under those conditions, in the absence of a statute so authorizing.

The rule here applicable is stated in 15 R. C. L. 315, as follows: ''It seems to be well settled that ordinarily a licensee does not, on the voluntary surrender of his license, become entitled to the return of the license fee, in proportion to the unexpired term, in the absence of statutory enactment to the contrary.''

To the same effect are the following authorities: Joyce on Intoxicating Liquors, sec. 330; 1 Woollen & Thornton on the Law of Intoxicating Liquors, sec. 500; case note to Allsman v. Oklahoma City, 16 L. R. A. (N. S.) l. c. 515, and cases therein cited.

The judgment is affirmed. All concur.